**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Joseph WARD, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted June 14, 2004.

Filed Aug. 24, 2004.

Raymond P. Rockwell, Chambersburg, for appellant.

John M. Lisko, Asst. Dist. Atty., Chambersburg, for Commonwealth, appellee.

Before: FORD ELLIOTT, ORIE MELVIN and BOWES, JJ.

OPINION BY BOWES, J.:

¶ 1 Joseph Ward, Jr. appeals from the judgment of sentence imposing an aggregate term of imprisonment of thirty-eight to eighty years entered after a jury convicted him of attempted homicide, robbery, theft by receiving stolen property, and two firearms violations. We affirm.

¶ 2 In the early hours of May 18, 2002, Appellant, Dominic Negliaccio, and an un-identified third party went to Carson's Motel in Chambersburg after first making an acquaintance at a local bar. While at the motel, Appellant pointed a loaded .25 caliber handgun at Negliaccio and demanded his jewelry. Although Negliaccio complied with Appellant's demands, Appellant placed the firearm into Negliaccio's mouth and shot him. Negliaccio survived the shooting but suffered serious injury. Appellant was found shortly after the incident in possession of a loaded .25 caliber handgun and Negliaccio's belongings.

¶ 3 Following Appellant's conviction, the trial court fashioned the judgment of sentence as follows. At count one, attempted murder, the court imposed twenty-five to fifty years imprisonment. Significantly, the court imposed the mandatory minimum sentence as this offense was Appellant's third crime of violence pursuant to 42 Pa.C.S. § 9714(a)(2), relating to serial convictions of violent offenses.[1] At count three, robbery, the court imposed ten to twenty years imprisonment to run consecutively to the sentence imposed at count one. At count five, receiving stolen property, the court imposed a two-to-five-year term of imprisonment to run concurrently with the sentence imposed at count three. At count six, firearms not to be carried without a license, the court imposed two to five years imprisonment to be served con-

---

1.  42 Pa.C.S. § 9714 provides in pertinent part as follows (emphasis added):

    (a) Mandatory Sentence.-
    . . . .
    (2) Where the person had at the time of the commission of the current offense previously been convicted of two or more such crimes of violence arising from separate criminal transactions, the person shall be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required. Upon conviction for a third or subsequent crime of violence the court may, if it determines that 25 years of total confinement is insufficient to protect the public safety, sentence the offender to life imprisonment without parole.
    . . . .
    (g) Definition.—As used in this section, the term "crime of violence" means ... **robbery** as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery) ... **or an equivalent crime in another jurisdiction.**

**1276**

secutively to the sentence imposed at count three. At count seven, possession of firearm with obliterated serial number, the trial court imposed a one-to-five-year term of imprisonment to be served consecutively to the sentence imposed at count six. "[Appellant] was not sentenced for [a]ggravated [a]ssault as it merges into [a]ttempted [m]urder, nor was [Appellant] sentenced for [t]heft as it merges into receiving stolen property." Trial Court Opinion, 1/29/04, at 3. This appeal followed the denial of Appellant's post-sentence motions.

¶ 4 Appellant raises two issues on appeal: 1) whether the trial court erred in refusing to merge the attempted homicide conviction with the robbery conviction for sentencing purposes; and 2) whether the trial court erred in holding that Appellant's prior robbery conviction in New York was a "first-strike" pursuant to 42 Pa.C.S. § 9714. We address these issues *seriatim*.

¶ 5 First, Appellant argues that attempted murder and robbery should merge for sentencing purposes because the elements of both offenses were established by Appellant's single act of putting the gun in the victim's mouth and pulling the trigger. For the following reasons, we disagree.

¶ 6 We employ the following standard of review. "A claim that the trial court imposed an illegal sentence by failing to merge sentences is a question of law. Accordingly, our standard of review is plenary." *Commonwealth v. Duffy*, 832 A.2d 1132, 1137 (Pa.Super.2003) (citation omitted).

¶ 7 Sentences are appropriate for merger when the same facts support convictions for more than one offense, the elements of the lesser offense are all included within the elements of the greater offense, and the greater offense includes at least one additional element. *Commonwealth v. Anderson*, 538 Pa. 574, 650 A.2d 20 (1994). However, where both offenses require proof of at least one element that is different, the sentences do not merge. *Id.*

¶ 8 Herein, the trial court found that the convictions for attempted homicide and robbery do not merge for sentencing purposes because they are not greater-and-lesser-included offenses. We agree with the trial court's conclusion. As the court accurately observed, each crime requires proof of an element that the other does not.

¶ 9 In *Commonwealth v. Belsar*, 544 Pa. 346, 676 A.2d 632 (1996), our Supreme Court confronted an identical issue and held that attempted murder did not merge into robbery for sentencing purposes. The Court stated, "[T]he crimes do not merge, for robbery requires proof of a theft, which attempted murder does not; and attempted murder requires taking a substantial step toward an intentional killing which robbery does not." *Id.* at 354, 676 A.2d at 635. As *Belsar* controls the disposition of this issue, the trial court did not err in concluding that Appellant's attempted homicide conviction did not merge into his robbery conviction for sentencing purposes.

¶ 10 Appellant's second argument relates to whether the trial court erred in finding that Appellant's New York robbery conviction was tantamount to a "first strike" for the purposes of 42 Pa.C.S. § 9714. Appellant previously was convicted of a violent crime in Adams County, Pennsylvania. Hence, if the New York offense is determined to be an equivalent crime, the instant robbery offense represents Appellant's third strike, warranting imposition of a twenty-five year minimum sentence. The relevant determination is whether New York's robbery offense is the

equivalent of a Pennsylvania offense. An equivalent offense is defined as a foreign offense which is substantially identical in nature and definition when compared to the Pennsylvania offense. *Commonwealth v. Shaw*, 560 Pa. 296, 304, 744 A.2d 739, 740 (2000); *Commonwealth v. Taylor*, 831 A.2d 661 (Pa.Super.2003). The test to determine whether an out-of-state offense is an equivalent of a Pennsylvania offense requires the sentencing court to compare the elements of the crimes, the conduct prohibited by the offenses, and the underlying public policy behind the two criminal statutes. *Shaw, supra.* If the sentencing court determines that the prior offense is equivalent to a violent crime enumerated under a Pennsylvania statute, the defendant will be subject to the mandatory minimum sentence of total confinement. We note that the offenses do not identically have to mirror each other but must be substantially equivalent to invoke operation of 42 Pa.C.S. § 9714.

■ ¶ 11 For the following reasons, we conclude that the offense underlying Appellant's New York robbery conviction is substantially equivalent to Pennsylvania's robbery offense under 18 Pa.C.S. § 3701(a)(1)(ii). According to the New York statute, codified at New York Penal Law § 160.15(3), "A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime: Uses or threatens the immediate use of a dangerous instrument." *See* N.Y. PENAL LAW § 160.15(3). Similarly, 18 Pa.C.S. § 3701(a)(1)(ii) of the Pennsylvania Crimes Code provides, "A person is guilty of robbery if, in the course of committing a theft, he ... (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury."

¶ 12 Appellant argues that the New York statute is not substantially equivalent to Pennsylvania's robbery statute because the New York statute does not require proof of any harm resulting from the use of a dangerous weapon, *i.e.,* the statute does not require the threat or immediate fear of serious bodily injury. Appellant reasons that since an assailant conceivably could contravene the subsection under which he was previously convicted without creating a threat or fear of serious bodily injury, it is not the equivalent to the Pennsylvania subsection that expressly provides for the threat of immediate serious bodily injury. We disagree.

¶ 13 We find that the threat of serious bodily injury is implicit in the New York offense. To be guilty of first degree robbery in New York, an assailant must use a dangerous instrument or threaten to use it while forcibly stealing another person's property. The definition for "dangerous instrument," provided at New York Penal Law § 10.00(3), reveals why Appellant's argument fails. According to that provision,

> Dangerous instrument means any instrument, article or substance, including a "vehicle" as that term is defined in this section, which, under the circumstances in which it is used, attempted to be used or threatened to be used, **is readily capable of causing death or other serious physical injury.**

N.Y. PENAL LAW § 10.00 (emphasis added). Contrary to Appellant's contentions, it is impossible to imagine a scenario in which an attacker could brandish a dangerous instrument, as it is defined in the statute, and not cause the victim to fear immediate serious bodily harm. Indeed, if the assailant were actually to use the dangerous weapon, the victim certainly would incur serious bodily harm.

¶ 14 Further, a review of the statutes reveal that both offenses prohibit the same conduct, *i.e.,* employing intimidation through threat of bodily harm to facilitate a theft, and both statutes advance the public's interest in protecting citizens from serious injury or the threat thereof. Hence, the crimes also are equivalent in nature and purpose. *See Commonwealth v. Taylor, supra* (two robbery statutes prohibited identical conduct where elements of both offenses included force or intimidation to take property that belongs to another). Accordingly, New York Penal Law § 160.15(3) defines an offense equivalent to 18 Pa.C.S. § 3701(a)(1)(ii).

¶ 15 For the foregoing reasons, we conclude the trial court did not err when it held that Appellant's New York conviction was a previous crime of violence, which laid the foundation for Appellant's mandatory minimum twenty-five-year sentence pursuant to 42 Pa.C.S. § 9719(b).

¶ 16 Judgment of sentence affirmed.