J-S70006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN BENSON, | |
| Appellant | No. 2383 EDA 2014 |

Appeal from the Judgment of Sentence October 19, 2011
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0005154-2010

BEFORE: DONOHUE, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED December 18, 2015**

Appellant, John Benson, appeals *nunc pro tunc* from the judgment of sentence imposed pursuant to his jury conviction of criminal attempt to commit murder of the first degree, aggravated assault, robbery, endangering the welfare of children, retail theft, and conspiracy to commit retail theft.[1] We affirm.

We take the following factual and procedural background from our independent review of the record and the trial court's March 9, 2012 opinion. On May 4, 2010, the Commonwealth charged Appellant with the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 901(a), 2702(a), 3701(a)(1)(ii), 4304(a)(1), 3929(a)(1), and 903(a)(1), respectively.

aforementioned crimes, which arose from his robbery of the jewelry store owned by complainant, Yaniv Cohen. Appellant's jury trial commenced on July 26, 2011.

The trial court described the testimony and evidence received at trial as follows:

> Mr. [] Cohen . . . testified that at approximately 3:00 p.m. on February 27, 2010, he was in his store with only two other people, an employee named Mr. [Bouchaib] Chakir and an unidentified jewelry wholesaler, when he buzzed in [Appellant], accompanied by a woman [named Sheakia Stubbs,] and child, through the security door. (*See* N.T. Trial, 7/26/11, at 84-87, 166). Mr. Cohen attended to them, then Mr. Chakir took over when Mr. Cohen went to speak with the wholesaler. (*See id.* at 88-90). Shortly afterwards, Mr. Cohen buzzed the door to permit the woman to exit. Instead of leaving, the woman remained, holding the door open. (*See id.* at 90, 159-60). He then saw [Appellant] run out the door with Mr. Chakir in pursuit. Noticing that rings were missing from the case, Mr. Cohen also gave chase, catching up with them soon after. (*See id.* at 92-94, 161-62).
>
> Mr. Cohen testified that as he approached [Appellant], who was carrying the child, asking him to return the missing rings, [Appellant "slice[d] [him and] cut [him] with the knife."] (*Id.* at 99; *see id.* at 98). [When Appellant then "tried to stab [him] again[,]" (*id.* at 98),] Mr. Cohen retreated across the street still asking for the return of the rings, at which time [Appellant] "dropped the child and ran away." (*Id.* at 94; *see id.* at 98[-100], [] 165). Mr. Cohen then took the child to the nearby police mini station. After reporting the robbery, thinking he had sustained a small cut, Mr. Cohen returned to his store to secure his merchandise. (*See id.* at 101-02, 118, 133, 151).
>
> At the insistence of the [p]olice, Mr. Cohen was taken to Thomas Jefferson University Hospital for treatment where he learned of the seriousness of his wound testifying, "I understand that [] I was very, very close to [] dead. I was very, very close[.]" (*Id.* at 104; *see also* N.T. Trial, 8/01/11, at 49). At trial, Mr. Cohen displayed a permanent scar, approximately six

- 2 -

inches in length, running along the left side of his throat. (***See*** N.T. Trial, 7/26/11, at 106-07, 125; Exhibit C-8).

Mr. Cohen testified that he later determined that approximately 15 to 18 rings, valued at $70,000 to $80,000, were taken from the case. (***See*** N.T. Trial, 7/26/11 at [129]). The rings were never recovered. (***See id.*** at 130).

Mr. [] Chakir testified that on February 27, 2010, he was in the store when [Appellant] came in asking to see a ring. [Appellant] was accompanied by a woman and a child. (***See id.*** at 175, 177). When Mr. Chakir unlocked the display case to show [Appellant] a ring of interest to him, there was no one else in the store standing near it. He testified [Appellant] then dropped the ring on the floor behind the counter. As Mr. Chakir bent down to pick it up, [Appellant] reached over the open showcase and removed numerous rings from their display platforms. (***See id.*** at 178-79, 190-91, 196, 211). When Mr. Chakir stood up, he noticed an empty space in the showcase and [Appellant] fleeing out the door that was still being held open by the woman. (***See id.*** at 180, 198-99, 203).

Mr. Chakir testified that he then ran after them. (***See id.*** at 180). When he caught up with them several doors away, [Appellant] was carrying the child and the woman was carrying shopping bags. [Appellant] turned to Mr. Chakir telling him to "go away or I'm going to shoot you." (***Id.***; ***see id.*** at 181-82, 184, 205). At the end of the block they parted ways, with Mr. Chakir continuing to follow [Appellant] down a small street. (***See id.*** at 183, 185, 211).

Mr. Chakir testified that after Mr. Cohen caught up "we were running after him and then my boss started to catch him with his hand, and he just, I like saw bleeding, blood and all the stuff there." (***Id.*** at 183). Mr. Chakir called 911 and continued to follow [Appellant]. On encountering a police officer, they both pursued [Appellant] until losing sight of him. (***See id.*** at 185).

\*　　\*　　\*

Detective Robert Spaduccini[, the assigned investigator in this matter, arrested Appellant and Ms. Stubbs on March 1, 2010. (***See*** N.T. Trial, 8/01/11, at 18)]. [He] took a statement from Ms. Stubbs immediately after her arrest in which she

admitted going into Mr. Cohen's jewelry store. Detective Spaduccini testified that she told him that while they were in the store an altercation broke out and they left. Once outside they were confronted by a man from the store wanting to know where the rings were. After that she and [Appellant] split up and she went home without her son. (*See id.* at 42-43). When he asked her if [Appellant] told her about the attack on Mr. Cohen, she answered, "Yes. He said he hit him, like [] with a razor." (*Id.* at 44).

(Trial Court Opinion, 3/09/12, at 3-6) (record citation formatting and some punctuation provided).

On August 2, 2011, the jury convicted Appellant of the aforementioned charges. On October 19, 2011, the court sentenced him to an aggregate term of not less than thirty nor more than seventy-two years' incarceration. On November 18, 2011, Appellant timely appealed, and, on January 24, 2012, he filed a timely Rule 1925(b) statement of errors complained of on appeal pursuant to the court's order. *See* Pa.R.A.P. 1925(b). The trial court filed a Rule 1925(a) opinion on March 9, 2012. *See* Pa.R.A.P. 1925(a). On May 22, 2012, this Court dismissed the appeal for Appellant's failure to file a brief.

On August 10, 2012, Appellant filed a timely petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. On October 2, 2013, appointed counsel filed an amended petition seeking reinstatement of Appellant's right to file a post-sentence motion and direct appeal *nunc pro tunc*. On May 30, 2014, the Commonwealth filed a motion to dismiss in which it consented to Appellant's request to have his direct appeal rights

reinstated, but objected to the reinstatement of his right to file post-sentence motions *nunc pro tunc*. On July 28, 2014, the court entered an order reinstating Appellant's right to file an appeal *nunc pro tunc*, and denying his request to file a post-sentence motion *nunc pro tunc*. Appellant timely appealed on August 12, 2014.[2]

Appellant raises five questions for our review:

> 1.   Whether the evidence was sufficient to establish beyond a reasonable doubt that [Appellant] was guilty of robbery rather than retail theft?
>
> 2.   Whether the trial [court] erred in failing to grant a motion for judgment of acquittal on the charge of attempted murder where the evidence failed to show malice or a specific intent to kill?
>
> 3.   Whether the trial [court] committed error by failing to reinstate [Appellant's] right to file a Post Sentence Motion challenging the sentence imposed when he received an aggregate sentence of [thirty] to [seventy-two] years['] incarceration?
>
> 4.   Whether the sentence imposed by the court was illegal where he was sentenced on both [r]obbery and [c]onspiracy (to commit [r]etail [t]heft), and sentenced on [a]ttempted [m]urder which lacked sufficient evidence, or where the sentences should merge where the charges arose from one incident?
>
> 5.   Whether the sentence imposed by the trial court was an illegal sentence in violation of Pennsylvania Constitution (Pa. Const. art. I, § 13), when the U.S. Constitution (U.S. Const. amend. VIII), 42 Pa.C.S.[A.] § 9721, and 42 P[a].C.S.[A.] §

---

[2] Appellant filed a timely Rule 1925(b) statement on September 29, 2014. **See** Pa.R.A.P. 1925(b). He filed an untimely supplemental Rule 1925(b) statement on October 1, 2014. The court filed an opinion on January 30, 2015 supplementing its March 9, 2012 opinion. **See** Pa.R.A.P. 1925(a).

9781(d) where the sentence imposed was excessive and not accurately based on [Appellant's] prior record or his prospect of rehabilitation, as balanced against the need to protect society?

(Appellant's Brief, at 3).[3]

In Appellant's first issue, he challenges the sufficiency of the evidence to establish the crime of robbery. (***See id.*** at 3, 13). This issue is waived and would not merit relief.

It is well-settled that:

when challenging the sufficiency of the evidence on appeal, the Appellant's 1925 statement must "specify the element or elements upon which the evidence was insufficient" in order to preserve the issue for appeal. [***Commonwealth v.***] ***Williams***, 959 A.2d [1252,] 1257 [(Pa. Super. 2008)] (quoting ***Commonwealth v. Flores***, 921 A.2d 517, 522-23 (Pa. Super. 2007)). . . . Here, Appellant . . . failed to specify which elements he was challenging in his 1925 statement . . . . While the trial court did address the topic of sufficiency in its opinion, we have held that this is "of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim." ***Id.*** at 1257 (quoting ***Flores*** at 522-23).

***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa. Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010).

In the case before us, Appellant's Rule 1925(b) statement does not identify which element or elements of robbery the Commonwealth allegedly

_____

[3] The Commonwealth has not filed a brief in this matter, although we granted two extensions to do so.

failed to prove. (**See** Statement of Matters Complained of on Appeal, 9/29/14, at 1-2 ¶ 2). Specifically, his statement claims that:

> the evidence was [not] sufficient to establish beyond a reasonable doubt that [Appellant] was guilty of robbery . . . where he was not seen taking the rings or display, he was never seen with the jewelry or display cases, the items were not recovered from him, and where the co-defendant's statement indicated that neither she nor [Appellant] removed jewelry from the store[.]

(**Id.**). Accordingly, because his Rule 1925(b) statement fails to identify which specific elements the Commonwealth allegedly failed to prove, Appellant's challenge to the sufficiency of the evidence is waived. **See Gibbs**, **supra** at 281.

Moreover, even if Appellant had not waived his sufficiency claim, it would not merit relief. Appellant argues that "[his] illegal act constituted a [r]etail [t]heft and not a [r]obbery." (Appellant's Brief, at 14). We disagree.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses

- 7 -

and the weight of the evidence produced, is free to believe all, part or none of the evidence.

*Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa. Super. 2014) (citation omitted).

> Pursuant to 18 Pa.C.S.[A.] § 3701(a)[(1)](ii), "a person is guilty of robbery if, in the course of committing a theft, he: . . . (ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury." The law of this Commonwealth defines serious bodily injury as "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ." [18 Pa.C.S.A. § 2301.] When reviewing a judgment under this subsection, this Court will look to the nature of the defendant's threats, and not to the subjective state of mind of the victim.

*Commonwealth v. Kubis*, 978 A.2d 391, 397-98 (Pa. Super. 2009) (case citations omitted). Further, "[a]n act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission." 18 Pa.C.S.A. § 3701(a)(2).

In the present case, in finding the evidence sufficient to support Appellant's robbery conviction, the trial court observed:

> There is little doubt, from the testimony of both Mr. Cohen and Mr. Chakir, that the attack occurred while both men were in pursuit of [Appellant]. . . . Mr. Chakir testified that immediately after the theft he pursued [Appellant] out of the store and continued to maintain contact with him until after Mr. Cohen was attacked. Similarly, after he caught up, Mr. Cohen also continued to maintain contact with [Appellant] until after he was attacked.
>
> *     *     *
>
> Whether or not Mr. Cohen or Mr. Chakir saw [Appellant's] weapon is irrelevant. It is clear from the record that [Appellant]

attacked Mr. Cohen with a weapon that struck a vital part of his body. The jury's specific finding that [Appellant] inflicted serious bodily injury makes it abundantly clear that the Commonwealth met its burden. [Appellant's] [sufficiency challenge] is further weakened by Mr. Cohen's testimony that [Appellant] "tried to stab me again" after the initial attack. (N.T. Trial, 7/26/11, at 98). Not only did Mr. Cohen sustain serious bodily injury, but he was aware of [Appellant's] continued threat to inflict further injury.

(Trial Ct. Op., 3/09/12, at 11-12) (record citation formatting provided).

After our independent review of the record, we agree with the trial court's finding that the evidence was sufficient to sustain Appellant's robbery conviction. *See Harden*, *supra* at 111; *Kubis*, *supra* at 397-98. Appellant's first issue would lack merit.

In his second claim, Appellant argues that the trial court erred in denying his motion for judgment of acquittal on the charge of attempted murder. (*See* Appellant's Brief, at 17-19). Specifically, Appellant maintains that, "[w]hile the act of swinging a cutting object at an individual which resulted in . . . arguably serious bodily injury and clearly an aggravated assault, the act does not rise to attempted murder in the absence of malice or specific intent to kill." (*Id.* at 18). Appellant's claim lacks merit.[4]

---

[4] Appellant appears to confuse the legal theories of sufficiency and weight of the evidence. (*See* Appellant's Brief, at 17-18). However, it is clear from the record and the remainder of Appellant's argument on this issue that it is his intent to challenge the sufficiency of the evidence, not its weight. (*See id.* at 18-19; *see also* N.T. Trial, 8/01/11, at 66-67 (Appellant's oral motion for judgment of acquittal challenging sufficiency of evidence to support attempted murder charge)). Moreover, we note that, even if Appellant had

*(Footnote Continued Next Page)*

Our standard of review of a trial court's denial of a motion for judgment of acquittal is as follows: "A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." ***Commonwealth v. Emanuel***, 86 A.3d 892, 894 (Pa. Super. 2014), *appeal denied*, 95 A.3d 276 (Pa. 2014) (citation omitted).

Here, Appellant was convicted of criminal attempt to commit murder of the first degree. "A person commits an attempt when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S.A. § 901(a). Pursuant to section 2502(a) of the Crimes Code, "[a] criminal homicide constitutes murder of the first degree when it is committed by an intentional killing." 18 Pa.C.S.A. § 2502(a). An intentional killing is a "[k]illing by means of poison, or by lying in wait, or by any other kind of willful, deliberate and premeditated killing." 18 Pa.C.S.A. § 2502(d). First degree murder requires "malice and specific intent to kill on the part of the defendant." ***Commonwealth v. Sanchez***, 907 A.2d 477, 486 (Pa. 2006), *cert. denied*, 551 U.S. 1106 (2007) (citation omitted).

---

*(Footnote Continued)*

intended to raise a weight claim, it would have been waived for his failure to file a post-sentence motion. ***See Commonwealth v. Barnhart***, 933 A.2d 1061, 1066 (Pa. Super. 2007); ***see also*** Pa.R.Crim.P. 607(A).

It is well-settled that:

> Malice under the law comprehends not only a particular ill-will, but every case where there is wickedness of disposition, hardness of heart, cruelty, recklessness of consequences, and a mind regardless of social duty, although a particular person may not be intending to be injured. . . . Otherwise stated, malice may be found where the defendant has consciously disregarded an unjustified and extremely high risk that [his] conduct might cause death or serious injury to another.

*Commonwealth v. Geiger*, 944 A.2d 85, 90 (Pa. Super. 2008), *appeal denied*, 964 A.2d 1 (Pa. 2009) (citations and quotation marks omitted).

Further:

> [s]pecific intent may be inferred from the use of a deadly weapon on a vital part of the victim's body. . . . [T]he period of reflection required for premeditation to establish the specific intent to kill may be very brief; in fact the design to kill can be formulated in a fraction of a second. Premeditation and deliberation exist whenever the assailant possesses the conscious purpose to bring about death. . . .

*Commonwealth v. Rivera*, 983 A.2d 1211, 1220 (Pa. 2009), *cert. denied*, 560 U.S. 909 (2010) (citations and quotation marks omitted).

Here, the evidence established that Appellant slit the left side of Mr. Cohen's throat while fleeing from the scene of the robbery. Based on the above well-settled law, this evidence was sufficient to prove that Appellant "consciously disregarded an unjustified and extremely high risk that [his] conduct might cause death or serious injury to another," *Geiger*, *supra* at 90, and his "[s]pecific intent may be inferred from the use of a deadly weapon on a vital part of the victim's body." *Rivera*, *supra* at 1220. Accordingly, the trial court properly denied Appellant's motion for judgment

- 11 -

of acquittal of his attempted murder conviction. *See Emanuel*, *supra* at 894. Appellant's second issue lacks merit.

In his third claim, Appellant maintains that the PCRA court erred by denying his petition alleging ineffectiveness of counsel, resulting in it "failing to reinstate his right to file a [p]ost [s]entence [m]otion[.]" (Appellant's Brief, at 19).[5] Specifically, Appellant argues that "[t]he PCRA court's denial was improper where trial counsel failed to adequately represent [him], *i.e.*, provided **ineffective assistance of counsel**, by failing to file a timely post[-]sentence motion to preserve Appellant's appellate claims." (*Id.* at 21) (emphasis added).

It is well-settled that, "as a general rule, claims of ineffective assistance of counsel will not be entertained on direct appeal." *Commonwealth v. Liston*, 977 A.2d 1089, 1094 (Pa. 2009) (citation omitted).

> As the law currently stands, a valid waiver of PCRA review is a prerequisite to appellate review of ineffectiveness claims on direct appeal. Because our Supreme Court and this Court *en banc* have instructed that ineffectiveness claims are generally

---

[5] Appellant's third through fifth issues were raised in his untimely supplemental Rule 1925(b) statement. (*See* Supplemental Rule 1925(b) Statement, 10/01/14, at 1). However, Rule 1925(b) provides, in pertinent part, that "[i]n extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc*." Pa.R.A.P. 1925(b)(2). Here, because Appellant's issues were raised in his PCRA petition, the court addressed the claims raised in his supplemental statement. (*See* Trial Court Opinion, 1/30/15, at 12-13). Therefore, we will not deem these issues waived on this basis.

not reviewable on direct appeal, before reviewing such a claim on direct appeal it is incumbent upon this Court to determine whether a defendant expressly, knowingly and voluntarily waived his or her right to PCRA review. . . .

***Commonwealth v. Baker***, 72 A.3d 652, 665-66 (Pa. Super. 2013), *appeal denied*, 86 A.3d 231 (Pa. 2014) (citations and footnote omitted).

In this case, Appellant moved for reinstatement of his right to file post-sentence motions in his PCRA petition, alleging ineffectiveness of trial counsel. (***See*** PCRA Petition, 8/10/12, at 3; Amended PCRA Petition, 10/02/13, at unnumbered pages 4-9). He has not, at any time, waived his right to PCRA review. Accordingly, we are precluded from reviewing Appellant's third issue in this direct appeal. ***See Baker***, ***supra*** at 665-66.

Appellant's fourth claim of error is that "the sentence imposed by the court was illegal where . . . the sentences should merge [because] the charges arose from one incident[.]" (Appellant's Brief, at 21; ***see id.*** at 21-23).[6] He specifically argues, "where the robbery statute provides for the infliction of serious bodily injury, he cannot be sentenced on both robbery and attempted murder." (***Id.*** at 23). Appellant's fourth issue lacks merit.

> In reviewing an illegal sentence claim, [t]he issue . . . is a question of law and, as such, our scope of review is plenary and

---

[6] Appellant also again contends that the jury wrongly convicted him of robbery and attempted murder, thus making his sentence illegal. (***See*** Appellant's Brief, at 22-23). Because we already concluded that the evidence was sufficient to establish these crimes, we will not address this allegation.

our standard of review is *de novo.* Section 9765 of our Judicial Code provides:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. This Court has assessed a merger issue by examining whether the charges arose out of a single set of facts and whether all the statutory elements of one offense coincide with the statutory elements of the other offense.

***Commonwealth v. Lomax***, 8 A.3d 1264, 1267-68 (Pa. Super. 2010) (case citations and quotation marks omitted).

> As previously stated by the Pennsylvania Supreme Court:

> The elements of robbery as applied to this case . . . are[] infliction of serious bodily injury while committing a theft and the elements of attempted murder are taking a substantial step toward an intentional killing. Once again, the crimes do not merge, for robbery requires proof of a theft, which attempted murder does not; and attempted murder requires taking a substantial step toward an intentional killing, which robbery does not.

***Commonwealth v. Belsar***, 676 A.2d 632, 635 (Pa. 1996) (citation omitted); ***see also Commonwealth v. Ward***, 856 A.2d 1273, 1276 (Pa. Super. 2004) (observing that "attempted murder [does] not merge into robbery for sentencing purposes.") (citation omitted).

Here, in pertinent part, the trial court imposed consecutive standard range sentences for attempted murder and robbery. (***See*** Trial Ct. Op., 1/30/15, at 15). Because the two charges do not merge for sentencing

purposes, *see Belsar*, *supra* at 635, the trial court did not commit an error of law in imposing separate sentences on the robbery and attempted murder conviction. *See Lomax*, *supra* at 1267.[7]

In Appellant's fifth and final issue, he alleges that "[t]he sentence of [thirty] to [seventy-two] years imposed by the court was excessive[.]" (Appellant's Brief, at 26). This claim is waived and would not merit relief.

Appellant's issue challenges the discretionary aspects of his sentence, which "must be considered a petition for permission to appeal." *Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa. Super. 2011) (citation omitted). To preserve claims relating to the discretionary aspects of a sentence properly, an appellant must first raise them with the trial court. *See Commonwealth v. Foster*, 960 A.2d 160, 163 (Pa. Super. 2008), *affirmed*, 17 A.3d 332 (Pa. 2011).

Here, Appellant failed to file a post-sentence motion raising a challenge to the discretionary aspects of sentence in the trial court. Therefore, we deem Appellant's claim waived. *See id.*

Moreover, the issue would not merit relief. We observe that:

> When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. Two requirements must

---

[7] Moreover, we note for the sake of completeness that, for sentencing purposes, the trial court in fact did properly merge the attempted murder charge with the aggravated assault charge, and the robbery charge with the retail theft charge. (*See* N.T. Sentencing, 10/19/11, at 10-11).

be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, [that] the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's Pa.R.A.P. 2119(f) statement to determine whether a substantial question exists. Our inquiry must focus on the **reasons** for which the appeal is sought, in contrast to the **facts** underlying the appeal, which are necessary only to decide the appeal on the merits.

***Commonwealth v. Hill***, 66 A.3d 359, 363-64 (Pa. Super. 2013) (citations omitted) (emphases in original).

In this case, Appellant filed a Rule 2119(f) statement, in which he alleges that the trial court failed to consider the guidelines and all relevant sentencing factors, resulting in a "grossly excessive" sentence. (Appellant's Brief, at 10). This issue raises a substantial question. ***See Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa. Super. 2012), *appeal denied*, 63 A.3d 776 (Pa. 2013).

Our standard of review of a sentencing challenge is well-settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

- 16 -

*Commonwealth v. Glass*, 50 A.3d 720, 727 (Pa. Super. 2012), *appeal denied*, 63 A.3d 774 (Pa. 2013) (citation omitted).

Additionally, "the guidelines have no binding effect, create no presumption in sentencing, and do not predominate over other sentencing factors—they are advisory guideposts that are valuable, may provide an essential starting point, and that must be respected and considered; they recommend, however, rather than require a particular sentence." *Id.* at 727-28 (citation and footnote omitted).

Here, in imposing sentence, the trial court observed:

. . . I reviewed the presentence report, I've considered the arguments of counsel, I've recalled the testimony from the trial in part by going through the exhibits I have in my file as well as my notes from the trial.

The driving factor behind this sentence is the attempted murder charge. He was found guilty of slashing that store owner's throat, passing a sharp instrument close to his carotid artery, close to his windpipe. Somehow he did not die.

\* \* \*

A serious injury, a serious wound, a serious act. I've gone through the other charges to see what sentence would be appropriate if [Appellant] were not charged with the attempted murder. And based on his prior record score and the seriousness of those individual charges, I've imposed—about to impose what I believe to be appropriate for each of those charges.

(N.T. Sentencing, 10/19/11, at 20-22).

Based on the trial court's analysis, our independent review of the record, and the fact that the court had the benefit of a presentence report,

- 17 -

we discern no abuse of discretion on the part of the trial court in imposing an aggregate sentence of not less than thirty nor more than seventy-two years' incarceration. *See Glass*, *supra* at 727; *see also Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009), *appeal denied*, 987 A.2d 161 (Pa. 2009) ("Our Supreme Court has determined that where the trial court is informed by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed.") (citation omitted). Appellant's fifth claim, even if not waived, would not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/18/2015