J-S47004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEREK ANTHONY CLIFTON | : | |
| | : | |
| Appellant | : | No. 533 MDA 2019 |

Appeal from the Judgment of Sentence Entered December 14, 2018
In the Court of Common Pleas of Centre County Criminal Division at
No(s):  CP-14-CR-0000554-2018

BEFORE:  DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY DUBOW, J.:                    **FILED OCTOBER 23, 2019**

Appellant, Derek Anthony Clifton, appeals from the December 14, 2018 Judgment of Sentence entered in the Centre County Court of Common Pleas following his entry of a *nolo contendere* plea to two counts of Indecent Assault.[1] He challenges the legality of his sentence. After careful review, we affirm.

We glean the following factual and procedural history from the trial court opinion and our review of the certified record. On January 22, 2018, Appellant, an inmate at State Correctional Institution-Rockview, arrived at the laboratory to have his blood drawn by the Victim, a phlebotomist. After the Victim drew his blood, she turned around to place his blood sample on a counter. As her back was turned, Appellant grabbed the Victim's buttocks. The Victim turned

_____

[1] 18 Pa.C.S. § 3126(a)(1)

around and told Appellant "no" and "to get out." Appellant then stepped closer to the Victim and grabbed her right breast.

On November 2, 2018, Appellant entered an open *nolo contendere* plea to two counts of Indecent Assault. On December 14, 2018, the trial court sentenced Appellant to two consecutive terms of one to two years' incarceration. Appellant filed a Post-Sentence Motion, which the trial court denied.

This timely appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> Did the sentencing court err in concluding that the two counts of Indecent Assault did not merge for sentencing purposes, where both counts involved the same complainant and occurred at the same location and on the same date apparently within instants of each other and the Information used identical language in describing both counts?

Appellant's Br. at 5.

Appellant avers that his two Indecent Assault convictions should have merged for sentencing purposes. He notes that the statutory elements of the offenses are the same and argues that the two counts of Indecent Assault arose from a single act because there was no break in the chain of events. Appellant's Br. at 14-15, 18. He asserts that both assaults occurred "essentially instantaneously." **Id.** at 22. To support his claim, Appellant relies on our Supreme Court's plurality decision in **Commonwealth v. Gatling**, 807 A.2d 890 (Pa. 2002). Specifically, he cites to the Court's definition of "break"—

"a significant temporal lapse." Appellant's Br. at 15 (citing **Gatling, supra** at 900).

"A claim that crimes should have merged for sentencing purposes raises a challenge to the legality of the sentence. Therefore, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Quintua**, 56 A.3d 399, 400 (Pa. Super. 2012) (internal citation omitted).

Section 9765 of the Sentencing Code provides, in relevant part, that "[n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S. § 9765. "The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." **Commonwealth v. Baldwin**, 985 A.2d 830, 833 (Pa. 2009). Stated another way, "[s]entences are appropriate for merger when the same facts support convictions for more than one offense, the elements of the lesser offense are all included within the elements of the greater offense, and the greater offense includes at least one additional element." **Commonwealth v. Ward**, 856 A.2d 1273, 1276 (Pa. Super. 2004) (citing **Commonwealth v. Anderson**, 650 A.2d 20 (Pa. 1994)).

In **Gatling**, the Court announced the following rule regarding the first factor:

> [A]n overarching chain of events does not constitute a single criminal act when there is a break in that chain. A break requires both that: (1) the acts constituting commission of the first crime were completed before the defendant began committing the second crime; and (2) proof of the second crime did not in any way rely on the facts necessary to prove the first crime. In addition, the break must be either: (1) a significant temporal lapse; or (2) where applicable, indicated by a change in the criminal intent of the defendant at some point during the sequence.

807 A.2d at 900.

However, a majority of the Court did not join *Gatling*'s discussion of factors determining a "break in the chain", and therefore it is not precedential. *Commonwealth v. Shank*, 883 A.2d 658, 670 (Pa. Super. 2005). Accordingly, we rely on caselaw predating *Gatling* to determine when crimes arise from a single criminal act. *Shank, supra* at 670.

Our Supreme Court has stated, "[i]f . . . the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime, then the actor will be guilty of multiple crimes which do not merge for sentencing purposes." *Commonwealth v. Belsar*, 676 A.2d 632, 634 (Pa. 1996). "[W]hen a criminal act has been committed, broken off, and then resumed, at least two crimes have occurred and sentences may be imposed for each. To hold that multiple assaults constitute only one crime is to invite criminals . . . to brutalize their victims with impunity." *Id.*

Here, Appellant pleaded *nolo contendere* to two counts of the same crime, Indecent Assault in connection with two instances of assault.[2] After our review of the record, we agree with the trial court's well-reasoned analysis and conclusion that the two crimes were not a continuous singular act, but rather two completed, separate, and distinct acts. As the trial court opined:

> [In the first action, Appellant] grabbed the butt[ocks] of the [V]ictim without her consent. That action meets all the elements of [I]ndecent [A]ssault. [Appellant] stopped grabbing her butt[ocks]. The [V]ictim turn around and told him "no" and "to get out". [Appellant] then stepped forward [and] grab[bed] the [V]ictim's breast. This second action also independently meets all of the elements of an [I]ndecent [A]ssault. The two actions were different from each other and the second assault was an additional act to the first and not a continuous singular act.

Trial Ct. Op., dated 3/18/19, at 2.

Since Appellant completed two separate and distinct acts, and each act meets the definition of Indecent Assault, the trial court properly refused to apply the merger doctrine. ***Baldwin, supra*** at 833; ***Belsar, supra*** at 634.

---

[2] "A person is guilty of [I]ndecent [A]ssault if the person has indecent contact with the complainant . . . for the purpose of arousing sexual desire in the person or the complainant and . . . the person does so without the complainant's consent. 18 Pa.C.S. § 3126(a)(1).

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2019