J-S07013-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                :          PENNSYLVANIA
                                :
              v.                     :
                                :
                                :
JAMES GENUS                  :
                                :
             Appellant          :     No. 726 WDA 2020

Appeal from the Judgment of Sentence Entered June 1, 2020
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000824-2019

BEFORE:  SHOGAN, J., DUBOW, J., and KING, J.

MEMORANDUM BY SHOGAN, J.:             **FILED:  April 1, 2021**

Appellant, James Genus, appeals from the judgment of sentence entered in the Court of Common Pleas of Venango County on June 1, 2020, following his guilty plea to one count of possession of a controlled substance with the intent to deliver.  We affirm.

The trial court summarized the procedural history as follows:

> On February 20, 2020[, Appellant] pled guilty to one count of possession of intent to deliver a controlled substance in violation of 35 [P.S.] § 780-11(a)[(30)], an ungraded felony.  On June 1, 2020, the [c]ourt sentenced [Appellant] to twenty-seven to sixty months incarceration and found that he was not R.R.R.I.[1] eligible.
>
> On June 12, 2020, [Appellant] filed his Post-Trial Motion, arguing that [Appellant] was indeed R.R.R.I. eligible and

---

[1]  Recidivism Risk Reduction Incentive ("RRRI") Act, 61 Pa.C.S. §§ 4501 *et seq.*

requesting a hearing on the matter of [Appellant's] eligibility. In his Post-Tr[ia]l Motion, [Appellant] made three contentions: (1) under *Commonwealth v. Cullen-Doyle*, 640 Pa. 783 (2017), a "single conviction for burglary, although a crime of violence, does not constitute a 'history' of violent behavior for purposes of determining a defendant's eligibility [for R.R.R.I.]"; (2) ineligibility based upon a history of violent behavior premised solely upon a prior conviction for resisting arrest is contrary to law; and (3) that the [c]ourt's finding of ineligibility based upon use of a firearm in a prior offense was improper, as "it is believed" that no firearm was involved in [Appellant's] prior offenses.

* * *

The Court denied [Appellant's] Motion without a hearing on June 24, 2020.[2]

_____

[2] Appellant's post-sentence motion was filed and docketed on June 12, 2020, which was one day beyond the time permitted by Pa.R.Crim.P. 720(a). On September 2, 2020, this Court issued a Rule to Show Cause why the appeal should not be quashed as untimely. Rule to Show Cause, 9/2/20. We noted therein that the judgment of sentence was entered on June 1, 2020, and Appellant's notice of appeal was filed July 20, 2020, "in excess of the 30-day appeal period." *Id.* (citing Pa.R.A.P. 903(a) and, *inter alia*, **Commonwealth v. Bilger**, 803 A.2d 199, 202 (Pa. Super. 2002) (for the purposes of triggering the appeal period, the filing of an untimely post-sentence motion is equivalent to a complete failure to file a post-sentence motion.)).

In his response to the Rule, Appellant alleged he faxed the post-sentence motion on the evening of June 11, 2020, the day it was due, in keeping with Venango County Common Pleas Covid-19 policy and the Executive Order related to Covid-19 issued by the Venango County President Judge. Response to Rule to Show Cause, 9/17/20. We filed an order directing Appellant to provide this Court with sufficient proof of the date his post-sentence motion was faxed to the Venango Common Pleas Court. Order, 9/28/20. In his response, Appellant's counsel indicated that he did "not have in his possession the fax transmission sheet that the motion was fax-filed on June 11, 2020." Second Response to Rule to Show Cause, 10/7/20. Counsel did provide the "relevant Covid-19 policy referenced in [his] September 17, 2020 response." *Id.*; Order, 9/28/20. We note that the trial court did not question the timeliness of the post-sentence motion and denied it on June 24, 2020. The issue raised therein is the precise issue raised herein. This Court discharged the Rule to Show Cause and allowed the appeal to proceed.

On July 20, 2020, [Appellant] filed his Notice of Appeal . . . . On July 21, 2020, the [c]ourt directed [Appellant] to file a concise statement of matters complained of on appeal in accordance with Pa.R.A.P. 1925(b) within 21 days. The [c]ourt also granted [Appellant's] Motion to Proceed In Forma Pauperis on that date. Both of these orders were docketed on July 21, 2020. On August 19, 2020, [Appellant] filed his Concise Statement. [Appellant] did not request that the [c]ourt extend the time period in which [Appellant] could file his Concise Statement.

Trial Court Opinion, 8/25/20, at unnumbered 1–3.

Appellant raises the following issue on appeal:

I. Did the trial court err in the determination that Appellant is not Recidivism Risk Reduction [sic] Incentive (RRRI) eligible?

Appellant's Brief at 9.

We first determine whether Appellant's issue is preserved for our review because it is well-established that failure to comply with the minimal requirements of the Pennsylvania Rules of Appellate Procedure will result in the waiver of those issues on appeal. ***Commonwealth v. Schofield***, 888 A.2d 771, 774 (Pa. 2005). Rule 1925(b) requires an appellant to file and serve on the trial judge a concise statement of the errors complained of on appeal no later than twenty-one days after entry of an order requesting the statement. Failure to comply with this requirement will result in the automatic waiver of appellate review of the issues raised in the untimely statement. ***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011); ***Commonwealth v. Castillo***, 888 A.2d 775, 779-80 (Pa. 2005).

- 3 -

Here, Appellant's counsel filed a late Pa.R.A.P. 1925(b) statement. The trial court explained that Appellant's Rule 1925(b) statement was due by August 11, 2020, but was not filed until August 18, 2020. Trial Court Opinion, 8/25/20, at unnumbered 3. While the trial court determined that the issue, therefore, was waived, it addressed the issue in full. *Id.*

Our review of the record reveals that the Pa.R.A.P. 1925(b) statement was due on August 11, 2020, but was not filed until August 19, 2020. Docket number 8. Indeed, Appellant concedes that he filed the statement eight days late. Appellant's Brief at 18. Appellant argues, however, that although the trial court held the issue to be waived, it addressed it in the alternative. *Id.* at 19. Thus, he advocates against waiver.

We conclude that because the trial court has filed an opinion addressing the issue presented in the late Rule 1925(b) concise statement, we will not find the issue waived on this basis. *See Commonwealth v. Rodriguez*, 81 A.3d 103 (Pa. Super. 2013) (concise statement filed four days late did not result in waiver where trial court issued opinion addressing issues raised therein); *Commonwealth v. Burton*, 973 A.2d 428, 433 (Pa. Super. 2009) (where the appellant filed an untimely Pa.R.A.P. 1925(b) statement one day after it was due, appellate court may decide appeal on merits if trial court had adequate opportunity to prepare opinion addressing issues raised on appeal).

We also decline to find waiver because Appellant's issue implicates the legality of the sentence imposed. *Commonwealth v. Tobin*, 89 A.3d 663,

670 (Pa. Super. 2014). When an issue presents a question of statutory construction and implicates the legality of the sentence, our standard of review is *de novo* and the scope of our review is plenary. **Commonwealth v. Northrip**, 985 A.2d 734, 736 (Pa. 2014).

In **Commonwealth v. Barbaro**, 94 A.3d 389 (Pa. Super. 2014), we explained the RRRI Act and the requirements it imposes on sentencing courts in this Commonwealth:

The RRRI Act

> seeks to create a program that ensures appropriate punishment for persons who commit crimes, encourages inmate participation in evidence-based programs that reduce the risks of future crime and ensures the openness and accountability of the criminal justice process while ensuring fairness to crime victims.

61 Pa.C.S. § 4502; *see Commonwealth v. Gonzalez*, 10 A.3d 1260, 1262 (Pa. Super. 2010), *appeal denied*, 610 Pa. 616, 21 A.3d 1190 (2011). Under the RRRI Act:

> (1) ... a sentencing court **must** designate a sentence as an RRRI sentence whenever the defendant is eligible for that designation, and (2) a defendant is eligible for that designation if he has not been previously convicted of certain enumerated offenses and "does not demonstrate a history of present or past violent behavior."

*Gonzalez*, 10 A.3d at 1262 (quoting 61 Pa.C.S.A. § 4503; footnote omitted; emphasis in original). Therefore, the RRRI Act requires the sentencing court to determine whether the defendant is an "eligible offender." 61 Pa.C.S.A. § 4505(a). The RRRI Act defines an "eligible offender," in part, as:

> "Eligible Offender." A defendant or inmate convicted of a criminal offense who will be committed to the

custody of the department and who meets all of the following eligibility requirements:

* * *

(3) Has not been found guilty of or previously convicted of or adjudicated delinquent for or an attempt or conspiracy to commit a **personal injury crime** as defined under section 103 of the act of November 24, 1998 (P.L. 882, No. 111), [18 P.S. § 11.103,] known as the Crime Victims Act, or an **equivalent offense** under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

* * *

61 Pa.C.S.A. § 4503 (emphasis added; footnotes omitted).

The Crime Victims Act defines "personal injury crimes" as follows:

"Personal injury crime." An act, attempt or threat to commit an act which would constitute a misdemeanor or felony under the following:

18 Pa.C.S. Ch. 25 (relating to criminal homicide).

18 Pa.C.S. Ch. 27 (relating to assault).

18 Pa.C.S. Ch. 29 (relating to kidnapping).

18 Pa.C.S. Ch. 31 (relating to sexual offenses).

18 Pa.C.S. § 3301 (relating to arson and related offenses).

18 Pa.C.S. Ch. 37 (relating to robbery).

18 Pa.C.S. Ch. 49 Subch. B (relating to victim and witness intimidation).

30 Pa.C.S. § 5502.1 (relating to homicide by watercraft while operating under influence).

The former 75 Pa.C.S. § 3731 (relating to driving under influence of alcohol or controlled substance) in cases involving bodily injury.

75 Pa.C.S. § 3732 (relating to homicide by vehicle).

75 Pa.C.S. § 3735 (relating to homicide by vehicle while driving under influence).

75 Pa.C.S. § 3735.1 (relating to aggravated assault by vehicle while driving under the influence).

75 Pa.C.S. § 3742 (relating to accidents involving death or personal injury).

75 Pa.C.S. Ch. 38 (relating to driving after imbibing alcohol or utilizing drugs) in cases involving bodily injury.

The term includes violations of any protective order issued as a result of an act related to domestic violence.

18 P.S. § 11.103 (emphasis [omitted]).

***Barbaro***, 94 A.3d at 391–392.

In this case, the trial court ruled that Appellant was not RRRI eligible due to his prior convictions in Michigan for home invasion. Trial Court Opinion, 8/25/20, at unnumbered 1. Appellant argues that the trial court erred in determining: 1) second-degree home invasion under Michigan law is equivalent to burglary graded as a first-degree felony in Pennsylvania, Appellant's Brief at 12, and 2) Appellant's conviction for assaulting, battering, resisting, obstructing a person under Michigan law demonstrates present or past behavior by Appellant. ***Id.*** at 16.

We have reviewed the arguments of the parties and the record as a whole. We conclude that the trial court completely, carefully, and correctly explained and substantiated why Appellant was not RRRI eligible, and we rely on the trial court's explanation in affirming this matter:

[Appellant] concedes that he was convicted of Home Invasion in 2012 and Resisting Arrest [in] 2005 in Michigan. The PSI indicated that the 2005 conviction was for "Assault Peace Officer" and notes a conviction for "Home Invasion-2nd Degree" and Burglary in 2012. The docket for the 2012 Michigan case reveals that [Appellant] pled guilty to Home Invasion-2nd Degree.

Home Invasion-2nd Degree in Michigan is equivalent to burglary in Pennsylvania. The relevant portion of the Michigan home invasion statute reads as follows:

A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the second degree.

MCL § 750.110a(3) (2012). "Dwelling" is defined as "a structure or shelter that is used permanently or temporarily as a place of abode, including an appurtenant structure attached to that structure or shelter." MCL § 750.110a(1)(a). The relevant portions of the Pennsylvania burglary statute read as follows:

**(a) Offense defined.--**A person commits the offense of burglary if, with the intent to commit a crime therein, the person:

* * *

(2) enters a building or occupied structure, or separately secured or

> occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense no person is present.

18 Pa.C.S. § 3502(a).

> The docket for the 2005 Michigan conviction listed as "Assault Police Officer" lists the offense to which [Appellant] pled as "Police Officer-Assaulting/resisting/obstructing." *See* MCL § 750.81d (2005). It is not clear from the Michigan docket whether or not [Appellant] assaulted, resisted, or obstructed a police officer.

> \* \* \*

> In order to be eligible for R.R.R.I., a defendant must meet all of the following criteria: (1) does not demonstrate a history of present or past violent behavior; (2) has not been convicted of an offense involving a deadly weapon or firearm, or subject to a sentence enhancement for use of a deadly weapon; (3) has not been found guilty of or previously convicted of or adjudicated delinquent for or criminal attempt, criminal solicitation or criminal conspiracy to commit murder, a crime of violence, or a personal injury crime (except for Misdemanor-3 Simple Assault); and (4) has not been convicted of certain enumerated offenses. 61 Pa.C.S. § 4503. Included in the definition of "crime of violence" are the crimes of assault of a law enforcement officer and burglary. 42 Pa.C.S. §9714(g). Resisting arrest is also a crime of violence for purposes of R.R.R.I. eligibility. *Commonwealth v. Finnecy*, 135 A.3d 1028, 1033-37 (Pa. Super.2016).

> [Appellant's] contention that this [c]ourt erred in its determination of [Appellant's] eligibility is without merit for two reasons. First, a change in the R.R.R.I. statutes renders [Appellant] ineligible based solely upon the prior home invasion conviction. Effective on or about December 18, 2019, 61 Pa.C.S. § 4503 was amended to direct that a court consider not just a history of violent behavior, but also any conviction for a "crime of violence,"—such as a conviction for burglary—when deciding whether a defendant is R.R.R.I. eligible. *Cullen-Doyle* predates this change by about 2 years. The current language of section 4503 renders [Appellant] ineligible on its face. The Superior Court has held that changes to the R.R.R.I. Act are applicable to

- 9 -

defendants who are "convicted and sentenced after the law became effective," even if they committed the offense prior to its effective date, as it impacts no vested right, creates no new legal burdens, and is generally an act of legislative grace. *Commonwealth v. Robinson*, 7 A.3d 868, 873 (Pa. Super. Ct. 2010). The date of [Appellant's] offense was September 27, 2019. [Appellant] pled guilty on February 20, 2020 and was sentenced on June 1, 2020, approximately two months and six months, respectively, after the change in law. Just like the defendant in *Robinson*, [Appellant] committed his crime before the effective date of a change in the law, but was convicted and sentenced after the change. Under the circumstances, it would appear that the current language on section 4503—precluding eligibility for RRRI based upon any conviction for a crime of violence, which would include burglary—should apply to [Appellant] and thus render him ineligible on those grounds.

Second, [Appellant] seems to misapprehend the applicability of *Cullen-Doyle*. While the Supreme Court in that case did indeed hold that a "single, present conviction for a violent crime does not constitute a history of violent behavior," *Cullen-Doyle*, 640 Pa. at 791, it so held in the context of a defendant whose conviction for burglary in that particular proceeding was used to render him ineligible for R.R.R.I. In addition to the burglary conviction being a present rather than prior conviction, the defendant in *Cullen-Doyle* was a first-time offender convicted of a single count of burglary.[1] *Id.* at 785-86. Furthermore, the Supreme Court made a point of noting that, had the legislature wanted to exclude potential R.R.R.I. participants based on a single conviction for a violent crime, "it could have articulated such intent with a definition of 'eligible offender' that expressly precluded any instance of a conviction for a violent crime." *Id.* at 790. That is precisely what the legislature did in 2019. In this case, [Appellant] was **previously** convicted of the Michigan equivalent of first-degree felony burglary, and was previously convicted of "Assaulting/resisting/obstructing" a police officer in a separate incident. [Appellant] has multiple prior convictions for crimes of violence and is distinguishable from the defendant in *Cullen-Doyle* on those grounds.

[1] The defendant in *Cullen-Doyle* was also convicted of "several counts of criminal conspiracy to commit first-degree felony burglary," but the Supreme Court did

- 10 -

> not appear concerned with those for purposes of the RRRI analysis.

Trial Court Opinion, 8/25/20, at unnumbered 1, 3–6 (emphasis in original).

As in **Barbaro**, the trial court herein applied the appropriate evaluation to determine the equivalence of the offenses Appellant committed in Michigan with the crimes as defined in Pennsylvania. **Barbaro**, 94 A.3d at 394. As we explained therein, "[T]he offenses do not identically have to mirror each other but must be substantially equivalent." **Id.** (quoting **Commonwealth v. Ward**, 856 A.2d 1273, 1277 (Pa. Super. 2004)). Moreover, "the differences between the two statutes are insignificant when compared to the similarities." **Barbaro**, 94 A.3d at 395. Therefore, we rely on the trial court's cogent explanation and conclude the court did not err in finding that Appellant's Michigan convictions excluded him from RRRI eligibility.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/1/2021

- 11 -