**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Frederick EMANUEL, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 6, 2014.

Filed Feb. 26, 2014.

---

Earl D. Raynor, Philadelphia, for appellant.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: BENDER, P.J., SHOGAN, J., and FITZGERALD, J.*

OPINION BY BENDER, P.J.

Appellant, Frederick Emanuel, appeals from the judgment of sentence of six to twenty-three months' house arrest, followed by two years' probation, imposed after he was convicted of theft by unlawful taking of movable property, 18 Pa.C.S. § 3921(a), based on his unauthorized removal of radiators and copper tubing from a vacant house. Appellant contends that the court erred by denying his post-conviction motion for judgment of acquittal, where the items taken by Appellant were not "movable property" as that term is used in section 3921(a). After careful review, we affirm.

The trial court set forth the facts of Appellant's case as follows:

On the morning of June 18th, 2011, Police Officer Sanchious was called to 4631 Locust Street by a neighbor living in a nearby property. When the officer arrived, she encountered [Appellant] standing outside of the property.... [A] brief conversation [ensued] in which [Appellant] informed [the officer] that two other men with whom he was working[ ] were located inside the house. The officer instructed ... him to call them outside, which he did, and then [proceeded] to question all three men as to who had authorized them to be inside the property. After none of the men were able to offer proof that they were authorized to work within and remove the metal scraps from the house, they were detained.

At trial, [Appellant] testified that he hired Nicholas Rulli to detach and remove copper tubing used for plumbing, as well as affixed wall radiators, which [Appellant] intended to sell for scrap. [Appellant] also stated that he hired Mark Lee to assist with the removal of trash from the house. Both men testified that [Appellant] was their boss. All three men claim[ed] that [Appellant] was in turn hired by a fourth man, Louis Coles, to perform this job. At trial, [Appellant] claimed that Mr. Coles had instructed them to clean a house and [they] were entitled to the metal scrap within the house as compensation. Mr. Coles did not testify at trial. [Appellant] admitted that he had not received permission directly from the property owner, but had done so in previous jobs.

[Appellant] did not contest that he and the other men had removed the metal scraps from the house and did so

---

* Former Justice specially assigned to the Superior Court.

with the intention to sell it as compensation for cleaning out the property located at 4631 Locust Street. After deliberation, the jury found [Appellant] guilty of Theft by Unlawful Taking.

Trial Court Opinion (TCO), 8/2/13, at 1–2 (pages unnumbered).

Appellant filed a timely post-conviction motion for judgment of acquittal, arguing that his conviction of theft by unlawful taking of movable property under section 3921(a) could not stand because the items taken were not 'movable property.' The trial court denied that motion, and sentenced Appellant as stated *supra*. He filed a timely notice of appeal, as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant presents one issue for our review:

1. Whether the trial court erred in denying Appellant's post[-] conviction motion, for judgment of acquittal, because Appellant's conviction for Theft by Unlawful Taking, 18 Pa. C.S.A. [§ ] 3921(a), is not legally sustainable where the items removed from [the] dwelling by Appellant, radiators and copper tubing[,] were not movable property, but dwelling fixtures, which are not protected under 3921(a)?

Appellant's Brief at 7 (emphasis omitted).

■ Our standard of review of Appellant's claim that the court erred in denying his motion for judgment of acquittal is as follows:

A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge.

*Commonwealth v. Foster*, 33 A.3d 632, 634–35 (Pa.Super.2011).

The Crimes Code defines theft by unlawful taking as follows:

(a) **Movable property.**—A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof.

(b) **Immovable property.**—A person is guilty of theft if he unlawfully transfers, or exercises unlawful control over, immovable property of another or any interest therein with intent to benefit himself or another not entitled thereto.

18 Pa.C.S. § 3921. Appellant was convicted of stealing 'movable property' under subsection (a). The Code defines "movable property" as:

Property the location of which can be changed, including things growing on, affixed to, or found in land, and documents although the rights represented thereby have no physical location. "Immovable property" is all other property.

18 Pa.C.S. § 3901.

■ Appellant contends that the court erred by denying his motion for judgment of acquittal because copper tubing and radiators are not 'movable property' triggering the application of section 3921(a). His argument hinges on two propositions: first, that copper tubing and radiators installed in a residence constitute 'fixtures' of the house and, second, that a 'fixture' cannot be 'movable property' under section 3921(a). Appellant provides a detailed discussion, with citations to several cases, to support his claim that the tubing and radiators were 'fixtures' of the house. He then relies on this Court's decision in *Foster* to argue that because those objects were 'fixtures,' they could not constitute 'movable property' under section 3921(a).

We need not address Appellant's argument that the copper tubing and radiators were 'fixtures' of the house because, even

assuming that they were, we disagree with his claim that they could not constitute 'movable property' based on our decision in *Foster*. In that case, Foster stole a grill affixed to the front of a vehicle and was convicted of theft from a motor vehicle, defined as follows:

> **(a) Offense defined.**—A person commits the offense of theft from a motor vehicle if he unlawfully takes or attempts to take possession of, carries away or exercises unlawful control over any **movable property** of another **from a motor vehicle** with the intent to deprive him thereof.

18 Pa.C.S. § 3934(a) (emphasis added). At the close of his trial, Foster made a motion for judgment of acquittal, which the trial court granted, espousing the following rationale:

> Although in certain circumstances car parts may be moveable property, we do not find that a part affixed to the car is movable property, since the car itself is movable property. We perceive the grill of the vehicle to be akin to a fixture with regard to real property. Nevertheless, we have no difficulty in determining that unlawfully removing parts from a car could result in a general charge of theft. However, this statute criminalizes theft *from* a motor vehicle, a distinction we believe [makes] a difference.

*Foster*, 33 A.3d at 636–37 (citation omitted; emphasis in original).[1]

The Commonwealth appealed to this Court, arguing that the grill constituted 'movable property' that Foster unlawfully removed from the motor vehicle. We disagreed, finding the "logic in the analogy employed" by the trial court convincing. *Id.* at 637. In other words, we concluded that because the grill was "part and par-

cel" of the vehicle, Foster's stealing the grill was akin to a theft *of* a motor vehicle, not a theft *from* a motor vehicle. *Id.* Because we "believed that [section 3934] was meant to criminalize the taking of movable property other than the car itself," we affirmed the trial court's order granting Foster's motion for judgment of acquittal. *Id.*

The instant case is distinguishable from *Foster*, where we narrowed the definition of what constitutes 'movable property' in the specific context of theft from a motor vehicle. *Foster* conveys that a piece of a vehicle cannot be separated from the vehicle as a whole, in terms of 'movable property' under section 3934(a), because the vehicle itself is 'movable property.' A house, however, is 'immovable property,' *see* 18 Pa.C.S. § 3901, and a fixture thereof can be detached and converted into 'movable property' that can be relocated, while the house remains immobile. Therefore, applying the broader definition of 'movable property,' *i.e.,* "[p]roperty the location of which can be changed," is not problematic under section 3921(a) as it was in *Foster* regarding section 3934(a).

The facts of the instant case clearly evince this point. Even assuming the copper tubing and radiators were 'fixtures' of the house when Appellant and his companions arrived, Nicholas Rulli unfastened those items with the use of "WD–40 and a pipe wrench" at the direction of Appellant. N.T. Trial, 1/26/12, at 61–63. At that point, the radiators and tubing were converted into 'movable property' that Appellant planned to take to the scrapyard and sell. *See id.* at 14, 18 (Appellant's testifying that "this type of work" involves cleaning out homes and taking metal "to the

---

1. We note that in *Foster*, both the trial court and this Court used the spelling "moveable" rather than "movable." While both spellings are acceptable, we use the same spelling of "movable" as is used in section 3921(a).

scrapyard, [and] exchanging it for money"). We believe that the legislature intended section 3921(a) to encompass the theft of these types of objects as 'movable property.' Accordingly, we affirm Appellant's judgment of sentence for theft by unlawful taking.

Judgment of sentence affirmed.

Justice FITZGERALD recused.