J-S58013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUAN PABLO RIOJAS, | |
| Appellant | No. 2038 MDA 2015 |

Appeal from the Judgment of Sentence June 18, 2014
in the Court of Common Pleas of Franklin County
Criminal Division at No.: CP-28-CR-0002169-2012

BEFORE:  GANTMAN, P.J., BOWES, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:              **FILED SEPTEMBER 07, 2016**

Appellant, Juan Pablo Riojas, appeals *nunc pro tunc* from the judgment of sentence imposed pursuant to his jury conviction of rape by forcible compulsion, false imprisonment, terroristic threats, simple assault, and intimidation of a witness.[1]  We affirm on the basis of the trial court's opinions.

The trial court's October 24, 2014 opinion aptly and fully sets forth the relevant factual and procedural background of this case.  (**See** Trial Court Opinion, 10/24/14, at 1-11).  For the reader's benefit, we note briefly that Appellant was found guilty of the above crimes on the basis of actions he

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 3121, 2903, 2706, 2701, and 4952(b)(3), respectively.

committed from October 4 through October 9, 2012, against his one-time paramour, Ana Medellin. Appellant was arrested for these illegal actions on October 10, 2012. On March 7, 2014, after a four-day trial, the jury convicted Appellant of the above charges. On June 18, 2014, the trial court sentenced Appellant to an aggregate term of not less than 103 nor more than 270 months' incarceration. Appellant filed a timely post-sentence motion, which the court denied on October 24, 2014. Appellant filed a timely counseled notice of appeal on October 28, 2014, and a timely concise statement of errors complained of on appeal on November 26, 2014. *See* Pa.R.A.P. 1925(b). The trial court filed an opinion on January 2, 2015. *See* Pa.R.A.P. 1925(a).

On January 21, 2015, Attorney Eric J. Weisbrod entered his appearance as Appellant's appellate counsel, and trial counsel was permitted to withdraw. On June 22, 2015, this Court dismissed Appellant's appeal for counsel's failure to file a brief on his behalf.

On October 5, 2015, Appellant filed a timely *pro se* first petition for post-conviction collateral relief (PCRA), 42 Pa.C.S.A. §§ 9541-9546, alleging Attorney Weisbrod's ineffective assistance for failure to file an appellate brief, and requesting that his direct appeal rights be restored *nunc pro tunc*. The PCRA court granted Appellant's right to appeal *nunc pro tunc*, and appointed current counsel, Michael Palermo, Esquire. Appellant filed a timely notice of direct appeal *nunc pro tunc* on November 20, 2015.

J-S58013-16

Pursuant to the PCRA court's order, he filed a timely concise statement of errors complained of on appeal on December 18, 2015. *See* Pa.R.A.P. 1925(b). The PCRA court filed an opinion on January 8, 2016, in which it incorporated the trial court's October 24, 2014 and January 2, 2015 opinions by reference.

Appellant raises four questions for our review.

1. Whether the honorable trial court committed an error of law [or] abused its discretion in admitting Dr. Veronique Valliere as an expert, even though being an expert in counterintuitive victim behavior was impossible for her and insufficient evidence was presented to meet the 3rd prong of the *Frye*[2] test?

2. Whether the trial court erred in allowing the Commonwealth, through the victim, to testify to prior bad acts, which had a prejudicial effect [on] the trial that outweighed any conceivable probative value and thus denied [Appellant] a fair trial?

3. Whether the trial court committed an error of law/or abused its discretion in denying [Appellant's] motion for judgment of acquittal as it related to the charges of false imprisonment and rape?

4. Whether the honorable trial court erred in denying defense counsel's continuance request of trial, which resulted in the absence of necessary defense witnesses and thus denied [Appellant] a fair trial?

---

[2] *Frye v. United States*, 293 F. 1013 (C.A. D.C. 1923), *superseded in the federal courts by rule as stated in*, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993); *see also Grady v. Frito-Lay, Inc.*, 839 A.2d 1038, 1044 (Pa. 2003) (deciding that *Frye* rule will continue to be applied in Pennsylvania).

(Appellant's Brief, at 10) (quotation marks and unnecessary capitalization omitted).

Our standards of review for Appellant's questions are well-settled. "Our standard of review in cases involving the admission of expert testimony is broad: Generally speaking, the admission of expert testimony is a matter left largely to the discretion of the trial court, and its rulings thereon will not be reversed absent an abuse of discretion." *Commonwealth v. Watson*, 945 A.2d 174, 176 (Pa. Super. 2008) (citations and quotation marks omitted). Similarly, "[t]he admission of evidence of prior bad acts is solely within the discretion of the trial court, and the court's decision will not be disturbed absent an abuse of discretion." *Commonwealth v. Patterson*, 91 A.3d 55, 68 (Pa. 2014), *cert. denied*, 135 S.Ct. 1400 (2015) (citation omitted).

> Our standard of review of Appellant's claim that the court erred in denying his motion for judgment of acquittal is as follows:
>
> > A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge.

*Commonwealth v. Emanuel*, 86 A.3d 892, 894 (Pa. Super. 2014), *appeal denied*, 95 A.3d 276 (Pa. 2014) (citation omitted). Finally, as to Appellant's fourth question, we observe:

> > The grant or denial of a motion for a continuance is within the sound discretion of the trial

court and will be reversed only upon a showing of an abuse of that discretion. An abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is over-ridden or misapplied, or the result of partiality, prejudice, bias, or ill-will as shown by the evidence or the record. The grant of a continuance is discretionary and a refusal to grant is reversible error only if prejudice or a palpable and manifest abuse of discretion is demonstrated.

In reviewing a denial of a continuance, the appellate court must have regard for the orderly administration of justice, as well as the right of the defendant to have adequate time to prepare a defense.

*Commonwealth v. Hansley*, 24 A.3d 410, 418 (Pa. Super. 2011), *appeal denied*, 32 A.3d 1275 (Pa. 2011) (citations and quotation marks omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinions of the trial court, we conclude that there is no merit to the issues Appellant has raised on appeal. The trial court opinions properly dispose of the questions presented. (*See* Trial Ct. Op., 10/24/14, at 11-22 (finding motion for judgment of acquittal properly denied where evidence was sufficient to support convictions of rape by forcible compulsion and false imprisonment); Trial Court Opinion, 1/02/15, at 12-21, 25 (finding (1) Dr. Valliere was qualified as expert in field of victim behavior for victims in sexual violence and abuse settings pursuant to 42 Pa.C.S.[A.] § 5920(b)(1) and Pa.R.E. 702(a); (2) Dr. Valliere's testimony was relevant and helpful to jury; (3) field of victim behavior in sexual violence and abuse settings is not novel, and therefore not subject to analysis under *Frye*; (4) prior bad acts evidence more probative than

prejudicial where it formed part of history and natural development of events and offenses for which Appellant was charged; (5) Appellant waived continuance issue where concise statement was too vague to allow court to address its merits.[3])). Therefore, we affirm on the basis of the trial court's opinions.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2016

_____

[3] We observe that Appellant's brief fails to identify the proposed witness who allegedly would have testified if the continuance had been granted. (**See** Appellant's Brief, at 26-29). Appellant alleges that previous counsel failed to identify this individual in the continuance motion because "he/she feared testifying against [the] victim . . . ." (**Id.** at 26 n.3). He vaguely states that, "on Sunday, February 23, 2014, [he] became aware of a witness that was told by the alleged victim in the case at bar, that she [the victim] was lying about everything so she could get status in the United States of America and gain full custody of her children." (**Id.** at 26) (footnote omitted). However, this vague statement about an alleged unnamed source does not support a conclusion that the trial court abused its wide discretion in denying Appellant's continuance request where he fails to demonstrate "prejudice or a palpable and manifest abuse of discretion." **Hansley**, **supra** at 418 (citations omitted). Therefore, even if not waived, Appellant's fourth issue would not merit relief.