J-S67017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BEN GOLOH | : | |
| | : | |
| Appellant | : | No. 1162 EDA 2018 |

Appeal from the Judgment of Sentence March 2, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0005656-2017

BEFORE:   OTT, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED FEBRUARY 22, 2019**

Appellant Ben Goloh appeals from the judgment of sentence entered after the trial court found him guilty of simple assault, graded as a third-degree misdemeanor, and harassment at a non-jury trial.[1]   Appellant challenges the sufficiency and weight of the evidence and claims that the trial court erred in denying his motion for judgment of acquittal.  We affirm.

The trial court set forth the facts of this case as follows:

On June 19, 2017[, Appellant] was arrested and charged with [the following counts:] 1) Strangulation; 2) Simple Assault; 3) Recklessly Endangering Another Person; 4) [Criminal Mischief;] 5) Criminal Mischief; and 6) Harassment.  The alleged victim of these charges was Thomas Andrews [(Victim)], [Appellant]'s roommate.

According to the testimony presented at trial by Officer Francis Devine, [Appellant] and his roommate [Victim] were engaged in

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2701(a)(1), (b)(1), and 2709(a)(1), respectively.

an altercation in their home at 235 Ashby Road in Upper Darby, PA, which escalated to the outside premises and neighborhood block. Upon dispatch to the scene, Officer Devine observed heavy blood pooling on the sidewalk outside the residence and a trail of blood leading to a car where [Victim] was found sleeping inside. Officer Devine discovered [Victim] covered in dried blood, with marks on his neck and collar bone area, and numerous punctures and lacerations covering his body. [Victim] gave Officer Devine his statement[,] which was corroborated by his injuries and the evidence on the scene. Officer Devine found more blood leading into the residence, where the front door was open. When entry was made into the residence, the apartment was found in disarray with shattered glass on the floor from a broken mirror and blood covering the walls. [Appellant] was found asleep in his bedroom and was covered in blood and had lacerations on his hands. Officer Devine stated that [Appellant] was disoriented, but was able to recollect the prior night and give a statement. In [Appellant]'s statement to Officer Devine, he admitted to being involved in a physical altercation with [Victim]. [Appellant] admitted the altercation started as a verbal argument inside the apartment, but became physical when a mirror was broken and injured both men. [Appellant] told Officer Devine [that] he did not remember throwing any rocks or damaging any vehicle, which is what the Officer had originally been called to investigate. After obtaining his statement, [Appellant] was then transported to the hospital to be treated for his injuries and was subsequently placed into police custody.

[Victim] failed to appear for [Appellant]'s preliminary hearing[] and trial, and over [Appellant]'s objections, both the preliminary hearing and trial were conducted without the presence of [the Victim]. [Appellant] waived his right to a jury trial and the case proceeded as a bench trial. At trial, the Commonwealth's sole evidence was the testimony of Officer Devine. Defense counsel had the opportunity to cross-examine Officer Devine. The Commonwealth rested and Defense counsel moved for Judgment of Acquittal on all charges. Th[e trial c]ourt granted the acquittal as to counts 1, 3, 4, and 5 based on the Commonwealth's concession of insufficient evidence but denied as to counts 2 and 6.

The Defense called their sole witness, [Appellant], who was colloquied prior to testifying. During direct examination, [Appellant] testified [that] on the night of the incident, [Victim] had come home intoxicated causing a disturbance in the

residence. [Appellant] then confronted [Victim,] which incited a verbal argument, leading to [Victim] allegedly pushing [Appellant] into the mirror, where he sustained an injury to the first finger on his left hand. [Appellant] testified [that] after falling into the mirror, [Victim] left the residence alone and [Appellant] went back to sleep. Upon waking, [Appellant] was questioned by Officer Devine and taken to the hospital for his injuries. On cross-examination, [Appellant] admitted [that] he did not call the police on his own accord. During closing arguments, the Defense relied on [Appellant]'s contradictory testimony and the Commonwealth's lack of direct evidence to support a not-guilty verdict on either charge. The Commonwealth relied on Officer Devine's testimony, the statement given by [Appellant] to Officer Devine, the physical evidence at the scene, and the circumstantial evidence supporting a conclusion of a mutual combat situation.

Trial Ct. Op., 7/5/18, at 1-3. The trial court tried the case without a jury and convicted Appellant of simple assault and harassment. *Id.* at 1. That same day, the trial court sentenced Appellant to concurrent terms of six months' probation for the simple assault conviction and ninety days' probation for the harassment conviction. *Id.*

On March 12, 2018, Appellant filed post-sentence motions claiming that the evidence was insufficient, that the verdict was against the weight of the evidence,[2] and that the trial court erred in denying his motion for judgment of acquittal. *See* Post-Sentence Mot., 3/12/18, at 2-3 (unpaginated). On March 15, 2018, the trial court denied Appellant's post-sentence motion.

---

[2] In his post-sentence motion, Appellant asserted that the evidence was insufficient because "there was no evidence that [Appellant] entered into a fight by mutual consent." Post-Sentence Mot., 3/12/18, at 2-3 (unpaginated). According to Appellant, there was no evidence contradicting his own testimony that he was asleep when Victim came home. *Id.*

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement.[3]  The trial court filed a responsive Pa.R.A.P. 1925(a) opinion suggesting all of Appellant's claims were meritless.

Appellant raises the following issues on appeal, which we have reordered for ease of disposition:

1. Whether the evidence was insufficient to support a guilty verdict for simple assault and harassment[.]

2. Whether the weight of the evidence supported a guilty verdict for simple assault and harassment when the alleged victim of the simple assault and harassment failed to appear at the preliminary hearing and at trial when [Appellant] testified that [the] alleged victim was intoxicated and assaulted him[.]

3. Whether [the] trial court committed reversible error by denying [Appellant]'s motion for direct acquittal on all charges when the alleged victim of the simple assault and harassment failed to appear at the preliminary hearing and at trial in violation of [Appellant]'s constitutional rights to confront his accuser.

Appellant's Brief at 4 (some capitalization omitted).

_____

[3] Appellant's Rule 1925(b) statement read:

1. The Trial Court committed reversible error by denying [Appellant]'s Motion for Direct Acquittal on all charges when the alleged victim of the simple assault and, harassment failed to appear at the preliminary hearing and at trial in violation of [Appellant]'s constitutional rights to confront his accuser.

2. The weight of the evidence did not support a guilty verdict for simple assault and harassment.

3. The evidence was insufficient to support a guilty verdict for simple assault and harassment.

Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal, 5/11/18.

## Sufficiency of the Evidence

Appellant claims that the evidence was insufficient to sustain his convictions for simple assault and harassment. Appellant notes "that he was home when [Victim] came home intoxicated and assaulted him[,]" and "that Appellant suffered significant injuries and required medical attention." *Id.* at 12. Appellant specifically argues that because Victim "initiated the physical contact with Appella[nt], Appellant should not have been found guilty of simple assault and or harassment."[4] *Id.*

This Court has set forth our standard of review for challenges to the sufficiency of the evidence as follows:

> Because a determination of evidentiary sufficiency presents a question of law, our standard of review is *de novo* and our scope of review is plenary. In reviewing the sufficiency of the evidence, we must determine whether the evidence admitted at trial and all reasonable inferences drawn therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, were sufficient to prove every element of the offense beyond a reasonable doubt. [T]he facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. It is within the province of the fact-finder to determine the weight to be accorded to each witness's testimony and to believe all, part, or none of the evidence. The Commonwealth may sustain its burden of proving every element of the crime by means of wholly circumstantial

---

[4] As noted above, Appellant's Rule 1925(b) statement did not did not specify which elements of his convictions he believed the Commonwealth failed to prove. It is well settled that a vague challenge to the sufficiency of the evidence may result in waiver. *See **Commonwealth v. Roche***, 153 A.3d 1063, 1072 (Pa. Super. 2017), *appeal denied*, 169 A.3d 599 (Pa. 2017). Here, however, the trial court addressed Appellant's sufficiency claim in its Rule 1925(a) opinion and the case against Appellant was relatively straightforward. Therefore, we decline to find waiver. *See **Commonwealth v. Laboy***, 936 A.2d 1058, 1060 (Pa. 2007) (*per curiam*).

evidence. Moreover, as an appellate court, we may not re-weigh the evidence and substitute our judgment for that of the fact-finder.

*Commonwealth v. Palmer*, 192 A.3d 85, 89 (Pa. Super. 2018) (citation omitted).

Section 2701 of the Crimes Code defines simple assault, in relevant part, as follows: "a person is guilty of assault if he . . . attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another[.]" 18 Pa.C.S. § 2701(a)(1). Simple assault is graded as a misdemeanor of the third degree if it was committed "in a fight or scuffle entered into by mutual consent[.]" 18 Pa.C.S. § 2701(b)(1).

Section 2709 defines harassment, in part, as follows: "A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person . . . strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same[.]" 18 Pa.C.S. § 2709(a)(1).

Instantly, Appellant admitted that he and Victim engaged in a fight. *See* N.T., 3/2/18, at 11-12 (indicating that Appellant admitted to police that he was in an altercation with Victim and that the mirror "had broken" during the fight). Although Appellant testified at trial that Victim instigated the fight, pushed him into the mirror, and that Appellant suffered injuries to his left arm and hand, the responding officer testified that he observed injuries to Victim's shoulder, neck and back and stated that Victim was bleeding profusely. *See id.* at 8.

Therefore, in light of the circumstantial evidence presented at trial, there was a reasonable basis for the trial court to find that even if Victim instigated the fight, Appellant pushed Victim into the mirror, and Appellant and Victim mutually engaged in a physical altercation. Such conduct provided sufficient basis to conclude that Appellant recklessly caused Victim's bodily injury and that Appellant struck and shoved Victim with the intent to harass and alarm Victim. **See** 18 Pa.C.S. §§ 2701(a)(1), 2709(a)(1). Accordingly, having reviewed the record in in a light most favorable to the Commonwealth as the verdict winner, we agree with the trial court that Appellant's sufficiency claim lacks merit. **See Palmer**, 192 A.3d at 89.

**Weight of the Evidence**

Appellant repeats the same arguments when challenging the weight of the evidence. Our standard of review regarding challenges to the weight of the evidence is well-settled:

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the [fact-finder] is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the [fact-finder's] verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. Landis*, 89 A.3d 694, 699 (Pa. Super. 2014) (citation omitted).

> We have explained that
>
> [a] new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial court is to determine that notwithstanding all the evidence, certain facts are so clearly of greater weight that to ignore them, or to give them equal weight with all the facts, is to deny justice. A motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict; thus the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner.

*Id.* (citation omitted). Further, "[b]ecause the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." *Id.* (citation omitted). "One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Id.* (citation omitted).

Instantly, the trial court found that the verdict was not against the weight of the evidence and did not shock one's sense of justice. Trial Ct. Op., 7/5/18, at 5. It reasoned:

> The [t]rial [c]ourt weighed the evidence presented on both sides and found the credibility of the Commonwealth to prevail over that of [Appellant].
>
> . . . According to Officer Devine's testimony, whom the [t]rial [c]ourt deemed to be a credible witness , [Appellant] admitted to engaging in an altercation between [Appellant] and [the Victim]. Additionally, Officer Devine presented circumstantial evidence of the blood both inside and outside the residence, in addition to the injuries sustained to both parties, to support a conclusion [that] this was a mutual combat situation. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Additionally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence. Ultimately, it was within th[e trial c]ourt's discretion to determine the credibility of both witnesses and whether or not their testimony would satisfy each element of the alleged crimes to support a conclusion of a guilty verdict on both counts.
>
> . . . During Officer Devine's testimony, [Appellant] admitted to the officer [that] he was involved in an altercation with [V]ictim. Additionally, [Appellant] testified at trial [that] he confronted [V]ictim, which according to the testimony of Officer Devine and the circumstantial evidence given, caused the bodily injury to [V]ictim.
>
> . . . Both the evidence presented at trial and the injuries sustained by both [Appellant] and [Victim] support[] the conclusion [that Appellant] was the one who shoved [Victim] into the mirror. Ultimately, the [t]rial [c]ourt found the Officer's testimony credible, in addition to the injuries sustained by both [Appellant and Victim] to support the guilty verdict.

*Id.* at 5-7 (some citations omitted).

Following our review, we discern no abuse of discretion in the trial court's ruling. The court found Officer Devine's testimony to be more credible than that of Appellant. *See id.* at 5. Furthermore, the trial court appropriately concluded that its verdict was not so contrary to the evidence as to require a

new trial. **See Landis**, 89 A.3d at 699. Accordingly, Appellant's challenge to the weight of the evidence merits no relief.

### Judgment of Acquittal

Lastly, Appellant argues that the trial court should have granted his motion for acquittal because he "was denied his right to confront the alleged victim . . . at both the preliminary hearing and at the time of trial." Appellant's Brief at 10.

The Commonwealth counters that the Confrontation Clause was not violated because it applies to "witnesses," that is, "those who bear testimony." Commonwealth's Brief at 7. The Commonwealth argues that Victim here was not a witness because he "did not testify and his statement to police was not introduced into evidence." **Id.** at 8.

Regarding our standard of review from a trial court's denial of a motion for judgment of acquittal, we have stated, "[a] motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." **Commonwealth v. Emanuel**, 86 A.3d 892, 894 (Pa. Super. 2014) (citation omitted).

A claim that the Confrontation Clause has been violated "presents an issue of law. [Therefore, o]ur scope of review is plenary and our standard of review is *de novo*. **Commonwealth v. Williams**, 103 A.3d 354, 358 (Pa. Super. 2014) (citation omitted).

- 10 -

The Pennsylvania Supreme Court in **Commonwealth v. Yohe**, 79 A.3d

520 (Pa. 2013), explained the parameters of the Confrontation Clause as

follows:

> The Confrontation Clause of the Sixth Amendment, made applicable to the States via the Fourteenth Amendment, **Pointer v. Texas**, 380 U.S. 400, 403, . . . (1965), provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." In **Crawford** [**v. Washington**, 541 U.S. 36, 51 (2004)], the Court held that the Sixth Amendment guarantees a defendant's right to confront those "who 'bear testimony'" against him, and defined "testimony" as "[a] solemn declaration or affirmation made for the purpose of establishing or proving some fact." The Confrontation Clause, the High Court explained, prohibits out-of-court testimonial statements by a witness unless the witness is unavailable and the defendant had a prior opportunity for cross-examination. **Id.** at 53–56 . . . .
>
> To further elucidate the distinction between testimonial and non[-]testimonial statements, the Court in **Davis v. Washington**, 547 U.S. 813 . . . (2006), addressed two types of statements to police and held that whether a statement is testimonial depends on its "primary purpose:"
>
> > Statements are non[-]testimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.
>
> **Davis**, 547 U.S. at 822 . . . .

**Yohe**, 79 A.3d 520, 530-31 (footnotes omitted).

In its Pa.R.A.P. 1925(a) opinion, the trial court set forth its reasoning as

follows:

- 11 -

[Appellant] maintains his constitutional right to confront his accuser was violated because he was not given the ability to confront the alleged victim, but the victim in this case was not the accuser; the Commonwealth is. [Appellant] and his counsel were given several opportunities, both at the preliminary hearing and at trial, to cross-examine Officer Devine, who was the sole witness for the Commonwealth, and they did so. For these reasons, [Appellant]'s constitutional right of Confrontation was not violated.

Trial Ct. Op., 7/5/18, at 4.

Instantly, the only witness on behalf of the Commonwealth was Officer Devine. Appellant had the opportunity to cross-examine the officer at trial, which he did. *See* N.T. Trial, 3/2/18, at 13-15; *see also Yohe*, 79 A.3d at 530-31. Victim did not testify at trial and his statements to the police were not admitted into evidence. *See* N.T. Trial, 3/2/18, at 9. Moreover, Appellant cites no case law for his suggestion that Victim was required to be present and testify at trial. *See* Appellant's Brief at 10; *see also* Pa.R.A.P. 2119. Lastly, Appellant presented no evidence that he was unable to subpoena Victim or that Victim was otherwise unavailable to the defense. Therefore, we agree with the trial court that Appellant's Confrontation right was not violated and find no error in the trial court's denial of the motion for judgment of acquittal. *See Yohe*, 79 A.3d 520, 530-31; *Williams*, 103 A.3d at 358; *Emanuel*, 86 A.3d at 894.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/22/19