J-A27037-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JORDAN MATLAGA | : | |
| | : | |
| Appellant | : | No. 1379 EDA 2020 |

Appeal from the Judgment of Sentence Entered June 12, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0000937-2019

BEFORE:  PANELLA, P.J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                    **FILED APRIL 26, 2022**

Appellant, Jordan Matlaga, appeals from the June 12, 2020 Judgment of

Sentence entered in the Montgomery County Court of Common Pleas following

his conviction of Indecent Assault of a Person Less Than Thirteen Years of

Age.[1]  Appellant challenges the trial court's denial of a prompt complaint jury

instruction, the court's application of the Tender Years Hearsay Act, 42 Pa.C.S.

5985.1, and various evidentiary rulings.  Upon careful review, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

A brief recitation of the relevant factual and procedural history follows.

In 2018, then-six-year-old M.L. ("Victim") attended a sleepover at the home

of her best friend, E.R. ("Friend").  Victim, Friend, and Appellant, who is

Friend's older brother, were all asleep on an air mattress when Appellant

_____

[1] 18 Pa.C.S. § 3126(a)(7).

sexually assaulted Victim and Victim told him to stop. In its Pa.R.A.P. 1925(a)

Opinion, the trial court aptly described the assault as follows:

> [Victim] awoke as [Appellant] digitally fondled her genitalia, and then took her hand inside of his hand and placed it on his penis. At trial, [Victim] explained that she had gone to sleep that night on an air mattress in [Friend]'s living room, alongside [Friend] and [Appellant], and awoke when she "felt her vagina tickling, and then looked down, and it was [Appellant]'s hand." Upon further inquiry, [Victim] testified that [Appellant]'s hand was under her nightgown, as well as her underwear," and demonstrated how [Appellant] moved his fingers up and down over her vagina, while saying nothing. [Victim] told [Appellant] to "stop," and he ignored her until she told him again to "stop;" at which point he removed his hand from her underwear. [Victim] explained that [Appellant] then asked her if she "wanted to see something cool?" to which she responded "sure," and [Appellant] took her hand and "put it in his pants," on his penis. Even after [Victim] immediately withdrew her hand from [Appellant]'s pants, and repeatedly told him that she did not want to "play" the "game" [Appellant] was pressuring her to, and despite his repeated attempts to sway her, including his manipulative attempt to characterize the "game" as one which was only for adults, but that he would make an exception and "let her play," [Victim] remained steadfast in her refusal. [Victim] soon fell back asleep.
>
> The following morning, [Victim] woke alongside [Friend] in her single bed in the bedroom Friend shared with her mother and sister, and [Appellant] was not there. [Victim] immediately told [Friend], whose face dropped ("made a face,") when she heard what had happened, but [Victim] withheld the information from her family for some time until she finally disclosed the assault on or around November 18, 2018[.]

Trial Ct. Op., filed 11/20/20, at 1-2.

On or around November 18, 2018, during a visit to Victim's grandmother's house, Victim reported the incident her aunt A.L. ("Aunt"), who is an attending physician at the Children's Hospital of Philadelphia. Victim was

upset that she was not able to ride the school bus anymore and told Aunt that "older mean kids on the bus had falsely accused her and her friend, who was a boy, of acting inappropriately on the bus." *Id*. at 3 (some quotation marks omitted). Victim proceeded to explain to Aunt that even though she was only six, she knew what was appropriate and what was inappropriate and explained to Aunt how Appellant's behavior at the sleepover was inappropriate. Aunt informed Victim's father ("Father"), who spoke with Victim individually, and then informed Victim's mother ("Mother"). Victim's parents reported the incident to police late that night and Mother spoke with Victim about the incident the following day.

On November 21, 2018, Mission Kids Child Advocacy Center conducted a forensic interview of Victim, who once again recounted the sexual assault incident.

Upon investigation, the Commonwealth charged Appellant with multiple counts of Indecent Assault. Relevant to this appeal, Appellant filed a pre-trial Motion Seeking Competency and Taint Determination of Child Witness asking the court to determine whether Victim was competent to testify, and whether her memory had been tainted. In turn, the Commonwealth filed a pre-trial motion seeking to admit the out-of-court statements made by Victim to Aunt, the Mission Kids forensic interviewer, Father, and Mother under the Tender Years Hearsay Act.

On October 28, 2019, the trial court held a pre-trial hearing on the motions. The trial court heard testimony from Aunt, Father, Mother, and

Victim. At the conclusion of the hearing, the trial court found Victim to be competent to testify and denied the taint motion. The trial court also granted the tender years motion.

On November 20, 2019, a three-day jury trial commenced. The Commonwealth presented testimony from Aunt, Mother, Victim, and Maggie Sweeney, forensic interviewer from Mission Kids Child Advocacy Center. Appellant did not testify on his own behalf.

At the conclusion of the trial, prior to jury deliberations, the Commonwealth withdrew two counts of Indecent Assault. The jury found Appellant guilty of the remaining charge, Indecent Assault of a Person Less Than Thirteen Years of Age. On June 12, 2020, the court sentenced Appellant to a term of nine to twenty-three months' imprisonment followed by three years of probation.

Appellant timely appealed. Appellant and the trial court both complied with Pa.R.A.P. 1925.

**ISSUES RAISED ON APPEAL**

Appellant raises the following issues for our review:

A. Whether the trial court's denial of Appellant's request to instruct the jury as to M.L.'s failure to make a "prompt complaint" utilizing Pa. SSJI (Crim), Sec. 4.13A was proper?

B. Whether the trial court properly granted Commonwealth's Motion to permit hearsay evidence pursuant to Tender Years Hearsay Exception (Title 42 Section 5985.1), allowing both the hearsay witnesses to testify as to [Victim]'s prior statements, and further by permitting them to testify prior to [Victim].

C. Whether the trial court erred in finding [Victim] first, competent to testify, and second, by denying Appellant's Motion alleging taint?

D. Whether the trial court erred in failing to grant Appellant's motion for Judgment of Acquittal as being against the weight of the evidence?

Appellant's Br. at 11.

**LEGAL ANALYSIS**

**<u>Prompt Complaint Jury Instruction</u>**

In his first issue, Appellant avers that the trial court abused its discretion when it denied his request for a prompt complaint jury instruction. Appellant's Br. at 25. This Court's standard of review when considering the denial of jury instructions is one of deference; we will only reverse a court's decision when the court abused its discretion or committed an error of law. ***Commonwealth v. Cannavo***, 199 A.3d 1282, 1286 (Pa. Super. 2018). We must determine "whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case." ***Commonwealth v. Brown***, 911 A.2d 576, 582-83 (Pa. Super. 2006) (citation omitted). "The trial court is not required to give every charge that is requested by the parties, and its refusal to give a requested charge does not require reversal unless the appellant was prejudiced by that refusal." ***Commonwealth v. Williams***, 176 A.3d 298, 314 (Pa. Super. 2017) (citation omitted). "A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions."

*Commonwealth v. Snyder*, 251 A.3d 782, 790 (Pa. Super. 2021) (citation omitted).

This Court has explained that "[t]he premise for the prompt complaint instruction is that a victim of a sexual assault would reveal at the first available opportunity that an assault occurred." *Commonwealth v. Sandusky*, 77 A.3d 663, 667 (Pa. Super. 2013). The instruction permits a jury to call into question a complainant's credibility when he or she did not report the assault at the first available opportunity. *Id.*

"However, there is no policy in our jurisprudence that the instruction be given in every case." *Id.* Rather, "[t]he propriety of a prompt complaint instruction is determined on a case-by-case basis pursuant to a subjective standard based upon the age and condition of the victim." *Commonwealth v. Thomas*, 904 A.2d 964, 970 (Pa. Super. 2006). "For instance, where an assault is of such a nature that the minor victim may not have appreciated the offensive nature of the conduct, the lack of a prompt complaint would not necessarily justify an inference of fabrication." *Sandusky*, 77 A.3d at 667 (citation and internal quotation marks omitted).

Appellant requested that the trial court issue a prompt complaint jury instruction because there was a significant time lapse between when the alleged assault occurred and when Victim "finally told someone other than her friend[,]" and disclosed the assault to Aunt. Appellant's Br. at 26. Appellant argues that there is no physical evidence or corroborating eyewitness testimony and, thus, the sole basis for Appellant's conviction is a statement

by six-year-old Victim that Appellant assaulted her. *Id.* at 25. Appellant contends that the trial court's failure to advise the jury that they could consider Victim's lack of prompt complaint in their credibility determination constitutes reversible error because it has a direct effect on the case's outcome. *Id.* at 20.

In making its decision to deny Appellant's request for a prompt jury instruction, the trial court considered Victim's age, the circumstances surrounding the assault, and the fact that Victim **did** promptly inform Friend—an age-appropriate confidant—that she had been assaulted. The trial court opined:

> [Victim]'s prompt complaint was initially hindered by the circumstances surrounding her assault, *i.e.*, her age, the time of her assault, her status as a sleepover guest in [Appellant]'s and [Friend]'s home. Nonetheless, [Victim] confided in her best friend at the first possible opportunity, when she woke the following morning, a few hours after the assault when she was not constrained by [Appellant]'s presence. Our Courts have repeatedly recognized that minor victims, such as [Victim], out of fear, embarrassment, and/or shock, are often reluctant to immediately report their sexual victimization to parents or authority figures, and are instead, inclined to confide in their like-aged relatives and closest confidants. . . . As such, [Appellant] failed to establish that the Court breached the wide discretion afforded to it on crafting its charge.

Trial Ct. Op., filed 11/20/20, at 8.

Moreover, the trial court found that Appellant was not prejudiced by the absence of prompt complaint instruction because the trial court charged the jury with the suggested standard credibility jury instruction, the jury heard defense counsel's "skilled cross-examination of the Commonwealth's

witnesses," and the jury heard defense counsel discuss Victim's credibility during opening and closing arguments. *Id.* at 8-9. The trial court concluded that all of the above "more than sufficiently defined the issues for the jury." *Id.* at 9.

We agree with the trial court that the omission of the prompt complaint instruction did not constitute a fundamental error and did not prejudice Appellant. Accordingly, under the facts and circumstances of this case, the trial court did not abuse its discretion when it denied Appellant's request for the instruction.

**Tender Years Hearsay Act**

In his second issue, Appellant avers that the trial court erred when it admitted hearsay statements from Aunt and Mother under the Tender Years Hearsay Act. Appellant's Br. at 35.

The "[a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Tyson*, 119 A.3d 353, 357 (Pa. Super. 2015) (*en banc*) (citations omitted). "Accordingly, a ruling admitting evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous." *Commonwealth v. Strafford*, 194 A.3d 168, 173 (Pa. Super. 2018) (citation omitted).

The Tender Years Hearsay Act creates an exception to the general rule against hearsay for a statement made by a child who was twelve years old or

younger at the time of the statement. 42 Pa.C.S. § 5985.1(a).[2] Relevant to this appeal, a court may admit a child-victim's out-of-court statement for the truth of the matter asserted when (1) "the court finds, in an *in camera* hearing, that the evidence is relevant and that the time, content[,] and circumstances of the statement provide sufficient indicia of reliability;" and (2) the child testifies at the proceeding or is deemed unavailable to testify. ***Id.*** at § 5985.1(a)(1)(i)-(ii). "Pursuant to this statute, indicia of reliability include, *inter alia*, the spontaneity of the statements, consistency in repetition, the mental state of the declarant, use of terms unexpected in children of that age, and the lack of a motive to fabricate." ***Commonwealth v. Strafford***, 194 A.3d 168, 173 (Pa. Super. 2018) (citation and internal quotation marks omitted).

Instantly, pursuant to the Tender Years Hearsay Act, the trial court held a pre-trial hearing and subsequently found that Victim's out-of-court statements to Aunt, Mother, Father, and the forensic interviewer were relevant and provided sufficient indicia of reliability. ***See*** Order, 11/25/19. Specifically, the trial court found that Victim's statements were spontaneous, that the details were consistent, and that Victim lacked a motive to fabricate a story that had the potential to undermine her friendship with her best friend. Trial Ct. Op. at 11.

---

[2] Effective August 30, 2021, the Tender Years Hearsay Act provides an exception to the general rule against hearsay for a statement made by a child who is **sixteen** years old or younger at the time of the statement. ***See*** 2021 Pa. Legis. Serv. Act 2021-29 (H.B. 156).

In his main argument, Appellant asserts that the trial court erred when it did not require Victim to testify prior to "hearsay witnesses" Aunt and Mother during the trial.[3]   Appellant's Br. at 36-40.   Appellant concedes that the "wording of the statute does not specifically address the order of testimony as it pertains to the victim and hearsay witnesses[.]" *Id.* at 37.   Nonetheless, Appellant asserts that because the statute requires Victim to either testify or be deemed unavailable to testify for the hearsay statements to be admissible, "it is only logical that the victim would testify prior to the hearsay witnesses." *Id.* at 36.   Appellant further argues that the hearsay testimony from Aunt and Mother inappropriately bolstered Victim's credibility prior to Victim's testifying and before counsel could cross-examine her, and asserts that if the trial court had followed the "logical" and "proper" witness order that the outcome of the case would have been different.   *Id.* at 37, 40.   This argument is purely speculative and lacks merit.

_____

[3] Appellant also avers, in a one-sentence argument, that the "hearsay testimony" was not relevant or reliable.  Appellant's Br. at 40-41.  Appellant fails to cite to the record to identify whose testimony he is challenging and fails to cite to relevant legal authority to develop his argument.  Accordingly, this argument is waived.  *See* Pa.R.A.P. 2119 (describing argument requirements); *Commonwealth v. Sipps*, 225 A.3d 1110, 1116 (Pa. Super. 2019) (explaining that failure to develop an argument and cite to legal authority will result in waiver). Moreover, for the first time on appeal, Appellant makes another one-sentence argument that the Tender Years Hearsay Act is unconstitutional.  This argument is, likewise, waived.  *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); *Commonwealth. v. Lawrence*, 99 A.3d 116, 122 (Pa. Super. 2014) (explaining that a challenge to the constitutionality of a statute can be waived).

Appellant provides no legal authority to support his argument. Further, Appellant concedes that the wording of the statute does not address the order of testimony. We agree. The Tender Years Hearsay Act simply requires that the child victim "testifies at the proceeding" without including a requirement that the child testifies first. **See** 42 Pa.C.S. § 5985.1(a)(1)(ii)(A). It is axiomatic that "it is not for the courts to add, by interpretation, to a statute, a requirement which the legislature did not see fit to include." **Commonwealth v. Wright**, 14 A.3d 798, 814 (Pa. 2011) (citation omitted). We decline to do so here and, thus, find no error.

**Victim's Competency to Testify**

Appellant next challenges the trial court's determination that Victim was competent to testify during trial. Appellant's Br. at 41. Appellant argues that Victim demonstrated that she had no real concept of time and had inconsistent recollection and testimony about whether she saw Appellant's penis. **Id.** at 43-44. Therefore, Appellant argues, the trial court should have found Victim incompetent and precluded her testimony. **Id.** at 46. Appellant is not entitled to relief.

We review a competency ruling for an abuse of discretion. **Commonwealth v. Delbridge**, 855 A.2d 27, 34 n.8 (Pa. 2003). "Most fundamentally, a trial court's judgment is manifestly unreasonable, and therefore an abuse of discretion, if it does not find support in the record." **Commonwealth v. D.J.A.**, 800 A.2d 965, 970 (Pa. Super. 2002)

In Pennsylvania, competency is a threshold legal issue to be decided by the trial court. ***Commonwealth v. Hutchinson***, 25 A.3d 277, 290 (Pa. 2011). Although witnesses are generally presumed to be competent, Pennsylvania law presently requires that child witnesses be examined for competency. ***Id.*** at 289. ***See*** Pa.R.E 601(a). Our Supreme Court has explained, "[t]he capacity of young children to testify has always been a concern as their immaturity can impact their ability to meet the minimal legal requirements of competency." ***Delbridge***, 855 A.2d at 39.

"[W]here a child under the age of 14 is called to testify as a witness, the trial court must make an independent determination of competency, which requires a finding that the witness possess (1) a capacity to communicate, including both an ability to understand questions and to frame and express intelligent answers; (2) the mental capacity to observe the actual occurrence and the capacity of remembering what it is that he or she is called to testify about; and (3) a consciousness of the duty to speak the truth." ***Commonwealth v. Walter***, 93 A.3d 442, 451 (Pa. 2014). "A competency hearing of a minor witness is directed to the mental capacity of that witness to perceive the nature of the events about which he or she is called to testify, to understand questions about that subject matter, to communicate about the subject at issue, to recall information, to distinguish fact from fantasy, and to tell the truth." ***Hutchinson***, 25 A.3d at 290 (citation omitted).

To support its competency determination, the trial court acknowledged that Victim had difficulty remembering the specific date or time of year that

Appellant assaulted her but explained that additional testimony from Mother and Victim provided "ample bases" to conclude that Victim was competent based on the court's "analysis of the requisite [competency] factors." Trial Ct. Op. at 13.

The trial court placed great weight on Victim's testimony, explaining that Victim demonstrated her competency during her testimony, particularly when she "repeatedly established her ability to discern the truth from a lie, as well as her comprehension as to the significance of telling the truth." *Id.* Specifically, Victim testified: "if you lie, you're not telling what really happened; and if you tell the truth, you're telling what really did happen." N.T. Hearing, 10/29/19, at 118-119. Moreover, Victim was able to give multiple examples of lies, was able to accurately answer whether a statement was a truth or a lie, was able to describe that telling a lie is "[a] bad thing[,]" and testified that if you tell a lie, "[y]ou get a consequence." *Id.*

Additionally, the trial court emphasized the Mission Kids interview, where an interviewer asked if anybody besides Appellant has ever shown Victim their penis, and Victim corrected the interviewer by clarifying that she did not see Appellant's penis but just felt it. Trial Ct. Op. at 16. Finally, the trial court considered Mother's testimony that Victim is precocious, has a large and advanced vocabulary, and is knowledgeable about her own anatomy and body parts. *Id.* at 14.

The trial court analyzed the competency factors and concluded that Victim was able to communicate, able to accurately recall, and understood her duty to tell the truth. *Id.* at 13, 14, 17. Our review of the record supports the trial courts findings, and we, thus, find no abuse of discretion.

**Taint Motion**

Appellant next avers that the trial court erred when it denied Appellant's taint motion, contending that the repeated questioning of Victim by various family members and investigative personnel as well as the timing of her disclosure supported a finding of taint. Appellant's Br. at 47-50. We conclude that Appellant has waived this issue.

"The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority." *Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa. Super. 2020) (citation and bracketed language omitted). *See* Pa.R.A.P. 2119 (listing argument requirements for appellate briefs). This Court "will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, when defects in a brief impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived." *In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012) (citation omitted).

Appellant's argument in support of this issue is substantially underdeveloped. In his Brief, Appellant fails to provide any legal framework

to explain what factors the court should consider in determining whether Victim's memory was tainted and fails to cite to any relevant legal authority to support his arguments. This severely hampers our ability to conduct meaningful appellate review. We decline to act as counsel and, thus, conclude that this issue is waived.

## Motion for Judgment of Acquittal and Weight of the Evidence

In Appellant's final issue, he avers that the trial court erred in failing to grant his "motion for judgment of acquittal as being against the weight of the evidence." Appellant's Br. at 11, 51. As a motion for judgment of acquittal challenges the sufficiency of the evidence, it is unclear to this Court if Appellant is raising a challenge to the sufficiency of the evidence or the weight of the evidence. *See Commonwealth v. Emanuel*, 86 A.3d 892, 894 (Pa. Super. 2014) (explaining that a motion for judgment of acquittal challenges the sufficiency of the evidence). In any event, both challenges are waived.

In order to preserve a challenge to the sufficiency of the evidence, an appellant must specify the "the element or elements upon which the evidence was insufficient" in his Rule 1925(b) statement or face waiver. *Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (Pa. Super. 2020) (citation omitted). Here, Appellant has failed to do so and, thus, has failed to preserve a challenge to the sufficiency of the evidence. Moreover, Appellant failed to preserve a challenge to the weight of the evidence in a motion before

sentencing or in a post-sentence motion as required by Pa.R.Crim.P. 607. **See Commonwealth v. Rivera**, 238 A.3d 482, 497 (Pa. Super. 2020).

Even if Appellant had preserved either challenge, this Court would still find waiver because Appellant's three-sentence argument is woefully underdeveloped. As stated above, it is not the role of this Court to develop an appellant's argument where the brief provides mere cursory legal discussion. **Commonwealth v. Johnson**, 985 A.2d 915, 925 (Pa. 2009). Accordingly, we find that Appellant has waived both challenges and decline to address the merits of either.

## CONCLUSION

In sum, the trial court properly exercised its discretion in denying Appellant's request for a prompt complaint jury instruction, applying the Tender Years Hearsay Act, and finding that Victim was competent to testify. In addition, we conclude that Appellant's challenges to the denial of his taint motion, the weight of the evidence, and the sufficiency of the evidence are waived. We, thus, affirm

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/26/2022

- 16 -