J-S03013-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS WILLIAM STEVENSON, JR. | : | |
| | : | |
| Appellant | : | No. 558 WDA 2019 |

Appeal from the Judgment of Sentence Entered March 14, 2019
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0001689-2017

BEFORE: McLAUGHLIN, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:        **FILED JUNE 09, 2020**

Thomas William Stevenson, Jr., appeals from the judgment of sentence imposed on March 14, 2019, following his jury trial conviction of possession of heroin, possession with intent to deliver heroin, and possession of drug paraphernalia.[1] Stevenson challenges the sufficiency and weight of the evidence, claims that the trial court erred in permitting the jury to view admitted evidence on a laptop during deliberations, and asserts that the court erred in denying his motion for judgment of acquittal. We affirm.

The Commonwealth presented the following evidence at trial. Corporal Michael Lewis[2] testified that on September 9, 2015, he used a confidential

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. §§ 780-113(a)(16), (a)(30), and (a)(31), respectively.

[2] Michael Lewis was promoted from Trooper to Corporal prior to trial in this matter. We use his rank as of the time he testified for consistency throughout.

informant ("CI"), Amanda Beck, to perform a controlled buy of drugs from Stevenson. Beck performed several controlled buys for Corporal Lewis in exchange for anticipated leniency for her own pending drug arrest. On this occasion, Corporal Lewis asked Beck to call her dealer, Stevenson, and set up a heroin buy. She then went to the police barracks. Corporal Lewis confirmed that she was not carrying drugs, Corporal Lewis provided Beck with $240 in marked cash and a video camera disguised as a key fob, which he asked Beck to use to record a picture of Stevenson and his apartment number, as well as anything else that she could capture without detection. **See** N.T. Trial, 2/26/19, at 27-29, 52-54, 58. Corporal Lewis then drove Beck to the apartment building where she was to conduct the drug buy.

Beck testified that when they arrived she walked up the stairs in the apartment building, knocked on the door, and Stevenson answered. She gave him the money and then went to retrieve the heroin bags which he had hidden behind a fire extinguisher in the hall outside of his apartment. **See id.** at 31. When she picked up the heroin that Stevenson had set aside for her, Beck realized that he had shorted her a couple of bags, and so went back to the apartment. There Stevenson retrieved the extra bags and gave them to her. **See id.** at 36. Beck then walked back to Corporal Lewis's car, and gave the bags of heroin to him.

During trial, the Commonwealth introduced the video recording that Beck captured of the sale, without any objection. **See id.** at 34. The

- 2 -

Commonwealth provided evidence that the drugs purchased were identified as 28 stamp bags of heroin. *See id.* at 57.

At the close of the Commonwealth's case-in-chief, defense counsel orally moved for judgment of acquittal, stating simply, "I would like to make a motion for judgment of acquittal based upon the facts possession with intent, possession paraphernalia. I defer to Your Honor on the testimony and evidence that's been presented." *Id.* at 71. The court denied the motion.

During jury deliberations, the court received a note from jurors asking to watch the video of the controlled buy, and asking, "[D]oes everyone confirm person male [*sic*] in video is Mr. Stevenson." *Id.* at 108. The trial court declined to answer the question regarding the identity of the male. However, it brought the jury back into the courtroom to watch the video. After watching the video in the courtroom, the prosecutor offered to send his laptop containing a copy of the video back with the jury into the jury room:

> [District Attorney]: Your Honor, do you want the video to go back with them?
>
> THE COURT: If you want to send your laptop back with them?
>
> [District Attorney]: I'm okay with that.
>
> [Defense Counsel]: Do you have any files on there?
>
> THE COURT: It is an exhibit, so, they're welcome to look at it.
>
> [District Attorney]: All right. Can you set it up so they can play it[?]
>
> THE COURT: Okay. We're adjourned.

*Id.* at 112.

The jury convicted Stevenson of the aforementioned crimes. On March 14, 2019, the court sentenced him to 27 to 120 months of incarceration for possession with intent to deliver heroin, followed by six to 12 months of incarceration for possession of drug paraphernalia. *See* N.T. Sentencing, 3/14/19, at 7. This timely appeal followed.

Stevenson raises four issues on appeal.

> I. Whether the evidence was insufficient as a matter of law as to the charges of delivery of a controlled substance, possesion [*sic*] of a controlled substance, and possession of drug paraphernalia?
>
> II. Whether the jury verdict of guilty was against the weight of the evidence presented at trial?
>
> III. Whether the trial court erred by permitting the jury to view a video of the alleged delivery of a controlled substance on the prosecutor's laptop during deliberations without further securing the information contained on the laptop or providing a limiting instruction?
>
> IV. Whether the trial court erred by denying [Stevenson's] motion for a judgment of aquittal [*sic*] at the conclusion of the Commonwealth's case?

Stevenson's Br. at 5.

In his first issue, Stevenson challenges the sufficiency of the evidence to support his conviction. Before we can reach the merits of the issue, we must address whether, as the trial court and Commonwealth claim, Stevenson waived this issue because his Rule 1925(b) statement is vague. The trial court concluded that Stevenson waived his sufficiency claim because he "fail[ed] to concisely identify the alleged error with sufficient detail." Trial Court Opinion, 5/17/19, at 2. The Commonwealth similarly objected to the specificity of the

statement, noting, "In fact, [Stevenson] challenges each of the three charges for insufficient evidence in one matter complained of with boilerplate language, and nothing more." Commonwealth's Br. at 5.

The Pennsylvania Rules of Appellate Procedure require a Rule 1925(b) statement to "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge" Pa.R.A.P. 1925(b)(4)(ii). The rule further provides that issues "not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii).

Appellant set forth the following question in his Rule 1925(b) statement: "On appeal Mr. Stevenson's second error/matter complained of is that the jury's verdict was against the sufficiency of the evidence." Statement of Matters Complained of on Appeal, 5/07/19, at 2.

Consistently, this Court has held that where an appellant does not specify the elements of the charges to which he deems the evidence was insufficient to sustain a conviction, the appellant has waived the issue. **See Commonwealth v. Roche**, 153 A.3d 1063, 1072 (Pa.Super. 2017). In **Commonwealth v. Roche**, the appellant set forth two matters complained of, the first claiming simply that "the evidence was insufficient as a matter of law to support [his] convictions of first-degree murder," and the second claiming that "the evidence at trial was insufficient as a matter of law to support [his] convictions for criminal conspiracy to commit criminal homicide." **Id.** (citation and some capitalization omitted). Upon review, a panel of this

Court found the issue waived, emphasizing that "where an appellant wishes to preserve a claim that the evidence was insufficient, his Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient so this Court can then analyze the element or elements on appeal." *Id.* (citing **Commonwealth v. Williams**, 959 A.2d 1252, 1257 (Pa.Super. 2008)).

Here, Stevenson did not specify the element or elements as to which he claimed the evidence was insufficient. Neither did he specify which charges he claims were supported by insufficient evidence, simply saying that the jury's verdict in its entirety was not supported by sufficient evidence. Accordingly, we conclude that he waived this issue. Moreover, even if Stevenson had not waived the issue, his arguments fail.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Brown***, 23 A.3d 544, 559-60 (Pa.Super. 2011) (*en banc*).

To sustain a conviction for possession of a controlled substance, the Commonwealth must establish that the defendant knowingly or intentionally possessed a controlled substance without being properly registered to do so. ***See*** 35 P.S. § 780-113(a)(16); ***Commonwealth v. Brown***, 48 A.3d 426, 430 (Pa.Super. 2012).

To sustain a conviction for possession of a controlled substance with intent to deliver, the Commonwealth must establish that the defendant knowingly or intentionally possessed a controlled substance without being properly registered to do so, with the intent to manufacture, distribute, or deliver it. ***See*** 35 P.S. § 780-113(a)(30); ***Brown***, 48 A.3d at 430.

To sustain a conviction for possession of drug paraphernalia, the Commonwealth must establish that the defendant possessed, with the intent to use, "drug paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance." 35 P.S. § 780-113(a)(32).

As the drugs were not found on Stevenson's person, the Commonwealth was required to establish that he constructively possessed the heroin. ***Commonwealth v. Hopkins***, 67 A.3d 817, 820 (Pa.Super. 2013).

- 7 -

"Constructive possession requires proof of the ability to exercise conscious dominion over the substance, the power to control the contraband, and the intent to exercise such control. Constructive possession may be established by the totality of the circumstances." **Commonwealth v. Bricker**, 882 A.2d 1008, 1014 (Pa.Super. 2005) (citations omitted).

Here, viewing the evidence in the light most favorable to the Commonwealth, the evidence was sufficient to prove that Stevenson constructively possessed narcotics and drug paraphernalia, and delivered the same to Beck. Indeed, a review of the totality of the circumstances reveals that Beck testified that she contacted Stevenson to arrange a purchase of heroin. Stevenson accepted money for the heroin and told Beck to retrieve the bagged heroin from where he had placed it behind the fire extinguisher. Furthermore, after Beck removed the bags behind the fire extinguisher, Stevenson gave her more bags of heroin from the apartment.

Given the totality of the circumstances, the evidence is sufficient to support the jury's conclusion that Stevenson both constructively and actually possessed the heroin and drug paraphernalia with an intent to distribute the same. Therefore, even if not waived, Stevenson's sufficiency challenge would not merit relief.

In his second issue, Stevenson challenges the weight of the evidence to support his conviction. However, he did not preserve this claim below.

Pennsylvania Rule of Criminal Procedure 607 requires an appellant to preserve a challenge to the weight of the evidence in a timely motion either

prior to or post-sentence. *See* Pa.R.Crim.P. 607(A). Because Stevenson did not do so, he has failed to preserve his weight of the evidence argument. *See* *Roche*, 153 A.3d at 1072. Therefore, Stevenson's second issue is waived.

In his third issue, Stevenson claims that the trial court erred when it permitted the jury to take the prosecutor's laptop into the jury room to view the video of the drug deal without functionally limiting the laptop to only show that video (and removing access to other parts of the computer), and without issuing a limiting instruction. Stevenson waived this claim by failing to object at trial.

During jury deliberations, when the court was considering sending the laptop into the jury room, defense counsel never objected or made any request of the court. Rather, defense counsel simply asked, "Do you have any files on there?" N.T. Trial, at 112. The court stated that the video was an exhibit and, "they're welcome to look at it." *Id.* The laptop then went back with the jury without further discussion.

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Because Stevenson failed to raise this issue before the trial court, it is waived and cannot be raised for the first time on appeal.

Finally, in his fourth issue, Stevenson claims that the court erred when it denied his motion for judgment of acquittal at the conclusion of the Commonwealth's case-in-chief.

Our standard of review of Appellant's claim that the court erred in denying his motion for judgment of acquittal is as follows:

A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge.

**Commonwealth v. Emanuel**, 86 A.3d 892, 894 (Pa.Super. 2014) (citation omitted).

We again must address the adequacy of Stevenson's Rule 1925(b) statement, in which Stevenson generically states the following: "The trial court erred in failing to grant defendant's motion for a judgment of acquittal at the conclusion of the Commonwealth's case-in-chief." Statement of Matters Complained of on Appeal, at 2 (some capitalization omitted).

In its opinion, the trial court explained that it:

believes that [Stevenson] is challenging all of the convictions. Here, . . . [Stevenson] has utilized boiler plate language and has failed to argue "**in what respect** the evidence is insufficient, . . .". **Commonwealth v. Holmes**, 461 A.2d 1268, 1270 (Pa.Super. 1983). Each one of the charges consists of specific elements that the factfinder must decide whether or not the evidence supports. As [Stevenson] has failed to identify the alleged errors with sufficient detail, this issue fails and is waived.

Trial Ct. Op., at 2-3 (citation formatting provided, emphasis in original).

Upon review, we agree with the trial court. By failing to specifically state the element or elements to which he claimed the evidence was insufficient, Stevenson has not complied with the dictates of Rule 1925(b)(4)(ii). Consequently, he has waived this issue. **See Roche**, 153 A.3d at 1072.

- 10 -

Furthermore, as described above, had it not been waived, we would have found Appellant's challenge to the sufficiency of his conviction meritless. Accordingly, Stevenson's fourth issue is waived and would not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2020